**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Jerome BATTLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 3, 2005.

Filed July 1, 2005.

---

Ronald H. Elgart, Fairless Hills, for appellant.

Robert A. Mancini, Deputy Dist. Atty., Doylestown, for the Com., appellee.

Before: DEL SOLE, P.J., BOWES and BECK, JJ.

BECK, J.:

¶ 1 The issue presented is the procedure to which appellate counsel must adhere when an appellant claiming ineffectiveness of appellate counsel files *pro se* a petition for remand for the appointment of new counsel. We remand for counsel to provide the necessary analysis to this Court for review.

¶ 2 On October 4, 2001, appellant was convicted by jury of possession with intent to deliver cocaine.[1] He was sentenced to five to ten years imprisonment. His direct

---

1. 35 Pa.C.S.A. § 780–113(a)(30).

appeal to the Superior Court resulted in an affirmation of judgment of sentence. Appellant then filed *pro se* a petition pursuant to the Post Conviction Relief Act (PCRA)[2], which was denied without a hearing. On PCRA appeal, the Superior Court reversed and remanded for appointment of counsel and a hearing. Attorney Elgart was appointed to represent appellant. After an evidentiary hearing on January 30, 2004, the court again denied appellant's PCRA petition.

¶ 3 Appellant, through his counsel Elgart, filed a timely notice of appeal on February 9, 2004. His statement of matters complained of on appeal raised two issues: (1) ineffectiveness of trial and appellate counsel for failing to raise the issue of violation of the knock and announce rule and (2) ineffectiveness of appellate counsel for failing to raise the issue of the jury instruction regarding marijuana found in his residence.[3] On August 30, 2004, appellant filed *pro se* a Petition for Remand, alleging ineffectiveness of PCRA counsel Elgart and seeking remand to the trial court for appointment of new appellate counsel. This Court then ordered counsel to petition the court for remand, in accordance with the dictates of *Commonwealth*

*v. Lawrence,* 408 Pa.Super. 9, 596 A.2d 165, 168 (1991) and *Commonwealth v. Ellis,* 534 Pa. 176, 626 A.2d 1137 (1993), *aff'g* 398 Pa.Super. 538, 581 A.2d 595 (1990) (en banc). Counsel filed a Petition for Remand on September 29, 2004.

¶ 4 Before we can address the merits of this case, we must consider the procedural issues raised by appellant's *pro se* Petition for Remand. We begin by reviewing our well established procedures for handling documents filed *pro se* by represented appellants. These procedures are guided by our Supreme Court's holding that there is no constitutional right to hybrid representation, neither on appeal, nor at trial. *Ellis,* 534 Pa. at 180, 626 A.2d at 1139. When an appellant who is represented by counsel files a *pro se* petition, brief, or motion, this Court forwards the document to his counsel.[4] 210 Pa.Code § 65.24; *Ellis,* 534 Pa. at 180, 626 A.2d at 1139. If the brief alleges ineffectiveness of appellate counsel, counsel is required to petition this Court for remand. *Ellis,* 534 Pa. at 180, 626 A.2d at 1139; *Lawrence,* 596 A.2d at 168. In the petition for remand, counsel must cite appellant's allegations of ineffectiveness and provide this Court with an evaluation of those claims.

---

2. 42 Pa.C.S.A. §§ 9541–46.

3. Appellant's counsel also subsequently briefed these two issues, although the date of filing of his brief is not clear. We need not know the precise date of filing of counsel's brief to resolve this case. *See infra* note 3.

4. We note that the relative timing of the *pro se* and counseled briefs is irrelevant to the procedure established in *Ellis.* Whether the *pro se* brief is filed before, simultaneously with, or after counsel's brief, this Court forwards the *pro se* brief to counsel. "Because we refuse to play a timing game or that of a mind reader, ... we see no difference as to when the *pro se* brief is filed in relation to the counseled brief." *Ellis,* 534 Pa. at 180, 626 A.2d at 1139 (quoting *Ellis,* 581 A.2d at 600).

It is important to distinguish cases such as the one before us, where appellant seeks a remand for appointment of new counsel, from cases where an appellant wishes to dismiss counsel and proceed *pro se.* Under *Commonwealth v. Grazier,* 552 Pa. 9, 12–12, 713 A.2d 81, 82 (1998), if appellant files a petition to proceed *pro se before* counsel files a brief on his behalf, this Court will remand to the trial court for a hearing on whether appellant's waiver of the right to counsel is knowing, intelligent and voluntary. However, if appellant's petition to proceed *pro se* is received *after* counsel's brief on his behalf is filed, no remand is required and appellant must wait to assert his ineffectiveness claims until after the appeal. *Commonwealth v. Rogers,* 537 Pa. 581, 584, 645 A.2d 223, 224 (1994).

*Commonwealth v. Blystone,* 421 Pa.Super. 167, 617 A.2d 778, 782 (1992); *Lawrence,* 596 A.2d at 168. This Court will then determine whether or not a remand for appointment of new counsel is required, based on our review of counsel's petition and the record. *Blystone,* 617 A.2d at 782; *Lawrence,* 596 A.2d at 168.

■ ¶ 5 We stress that this Court does not review the *pro se* brief, but rather reviews counsel's analysis of the issues raised *pro se. Blystone,* 617 A.2d at 782; *Lawrence,* 596 A.2d at 168. The process has similarities to the procedures required of appointed counsel who seeks to withdraw from representing an appellant, based on a determination that the issues for appeal are totally frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (describing the requirements of an *Anders* brief, which must be filed when appointed counsel seeks to withdraw from a direct appeal based on a determination that the issues presented are wholly frivolous); *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988) (en banc) (describing the requirements of a *Finley* letter, which must be filed when appointed counsel seeks to withdraw from a collateral appeal filed under the Post–Conviction Relief Act).

¶ 6 The procedure outlined in *Ellis* and *Lawrence* is based on a need to balance a *pro se* appellant's constitutional rights with the substantial administrative burden and confusion that can arise under circumstances of hybrid representation. *Ellis,* 581 A.2d at 600. To require a remand for new appointed counsel every time that a *pro se* appellant made an allegation of ineffective assistance would create unreasonable administrative burdens and delays. *Lawrence,* 596 A.2d at 168. However, the court abdicates its responsibility if it does not provide some mechanism for judicial review of *pro se* claims of ineffective assistance of counsel. Thus, we require that counsel file a petition for remand "so as to insure that the ineffectiveness claims are presented [to the court] ...." *Id.*

■ ¶ 7 In this case, when counsel received his client's *pro se* Petition for Remand alleging ineffective assistance, he filed a Petition for Remand. However, in his petition, counsel provided absolutely no information to this Court so as to permit a review on the merits. He not only failed to analyze the issues of ineffective assistance raised *pro se,* he even failed to identify them. Since, by *Lawrence* and *Ellis,* we cannot review appellant's *pro se* petition and counsel's petition provides no information or analysis, we have no basis on which to conduct a review of appellant's ineffective assistance claims. Without reviewable information and analysis, this Court cannot fulfill its responsibility to review the allegations of ineffective assistance and determine whether remand is necessary.

¶ 8 In a previous case with factual similarities to the present situation, a panel of this Court did not overlook counsel's failure to comply with the directives of *Lawrence* and *Ellis* in providing reviewable information in a petition for remand. In *Commonwealth v. Gallman,* 838 A.2d 768 (Pa.Super.2003), as in this case, a represented appellant filed a *pro se* Petition for Remand, raising ineffective assistance claims and seeking appointment of new counsel. Counsel filed a petition for remand, but failed to include a legal analysis of appellant's *pro se* claims. The panel then entered an order directing counsel to amend his petition for remand to include an evaluation of appellant's *pro se* claims of ineffective assistance, so that they could be judicially reviewed. *Id.* at 773–74.

¶ 9 We follow the same course in this case. Specifically, we direct counsel to

prepare a proper petition for remand within thirty (30) days of the date of the filing of this opinion, which includes identification of appellant's allegations of ineffectiveness and counsel's analysis of those allegations.

¶ 10 Remanded. Panel jurisdiction retained.