**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Jules JETTE, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 6, 2007.

Filed April 3, 2008.

---

Michael P. Marryshow, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for the Com., appellee.

BEFORE: HUDOCK, J., McEWEN, P.J.E., and FITZGERALD,* J.

OPINION BY FITZGERALD, J.:

¶ 1 Appellant, Jules Jette, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541–46. Appellant and his counsel have also filed petitions to remand for appointment of new counsel. We hold that PCRA counsel may not justify his failure to argue an issue by claiming that the petitioner failed to develop it properly in his *pro se* PCRA petition. We further hold that, in providing legal analysis to this Court in a petition for remand, counsel is bound by the same requirements to provide supporting citations as he would be in

* Former Justice specially assigned to Superior Court.

his appellate brief. Accordingly, we remand for counsel to provide a more complete analysis to this Court for review.

¶2 Appellant was convicted of sexual crimes involving a minor and sentenced on January 8, 2002, to ten to twenty years' imprisonment and consecutive terms of probation. On direct appeal, this Court affirmed the judgment of sentence. Our Supreme Court denied allowance of appeal on September 3, 2003. Appellant filed PCRA petitions on October 20, 2003, and April 29, 2004. Current PCRA counsel was appointed on June 29, 2004.

¶3 Counsel filed a *Finley*[1] letter on February 24, 2005; however, upon discussing the petition with Appellant, counsel filed an amended PCRA petition on May 26, 2005. An evidentiary hearing was held on July 31, 2006, after which the PCRA court dismissed the petition on September 28, 2006. Appellant timely filed this appeal on October 4, 2006. After counsel filed a brief on Appellant's behalf, Appellant filed a *pro se* petition for remand in which he challenged counsel's effectiveness. This Court denied the petition, but instructed counsel to respond to it pursuant to *Commonwealth v. Battle,* 879 A.2d 266 (Pa.Super.2005), and *Commonwealth v. Lawrence,* 408 Pa.Super. 9, 596 A.2d 165 (1991). On November 16, 2007, Appellant filed an application for an order to compel after counsel failed to respond to this Court's order. This Court granted Appellant's application on December 19, 2007. On January 11, 2008, counsel filed the instant application for remand, responding to Appellant's claims of ineffectiveness.

¶4 In *Battle, supra,* a panel of this Court explained the procedure for addressing *pro se* allegations of ineffective assistance of current counsel:

These procedures are guided by our Supreme Court's holding that there is no constitutional right to hybrid representation, neither on appeal, nor at trial. *[Commonwealth v.] Ellis,* [534 Pa. 176,] 626 A.2d [1137,] 1139 [(1993)]. When an appellant who is represented by counsel files a *pro se* petition, brief, or motion, this Court forwards the document to his counsel. 210 Pa.Code § 65.24; *Ellis,* [ ] 626 A.2d at 1139. If the brief alleges ineffectiveness of appellate counsel, counsel is required to petition this Court for remand. *Ellis,* [ ] 626 A.2d at 1139; *Lawrence,* 596 A.2d at 168. In the petition for remand, counsel must cite appellant's allegations of ineffectiveness and provide this Court with an evaluation of those claims. *Commonwealth v. Blystone,* [421 Pa.Super. 167,] 617 A.2d 778, 782 (1992); *Lawrence,* 596 A.2d at 168. This Court will then determine whether or not a remand for appointment of new counsel is required, based on our review of counsel's petition and the record. *Blystone,* 617 A.2d at 782; *Lawrence,* 596 A.2d at 168.

We stress that this Court does not review the *pro se* brief, but rather reviews counsel's analysis of the issues raised *pro se. Blystone,* 617 A.2d at 782; *Lawrence,* 596 A.2d at 168. The process has similarities to the procedures required of appointed counsel who seeks to withdraw from representing an appellant, based on a determination that the issues for appeal are totally frivolous. *See Anders v. California,* 386 U.S. 738[, 87 S.Ct. 1396, 18 L.Ed.2d 493] (1967) (describing the requirements of an *Anders* brief, which must be filed when appointed counsel seeks to withdraw from a direct appeal based on a determination that the issues presented are wholly frivolous); [ ] *Finley, [supra]*

---

1. *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988) *(en banc).*

(describing the requirements of a *Finley* letter, which must be filed when appointed counsel seeks to withdraw from a collateral appeal filed under the Post–Conviction Relief Act).

*Battle,* 879 A.2d at 268–69 (footnote omitted).

 ¶ 5 Instantly, we consider only counsel's response to Appellant's claims of ineffectiveness, pursuant to *Lawrence* and *Battle.*[2] Counsel first addresses Appellant's claim that "PCRA counsel failed to raise issues on appeal that were raised in PCRA petition [sic]." Counsel's Motion to Remand for the Appointment of New Counsel, filed 1/11/08, at 1 (Counsel's Motion). Counsel informs this Court that he advised Appellant that the issues were undeveloped, and that, in response, "Appellant offered no evidence or facts to develop those issues." *Id.* We agree with counsel to some extent that Appellant's failure to elaborate on certain claims would be a *factor* in deciding whether to pursue the claim further in an amended petition and evidentiary hearing. However, we note that, when seeking withdrawal of representation, PCRA counsel is required to detail the nature and extent of his review. *Finley,* 550 A.2d at 215. Imperative in this requirement is counsel's duty to review the record thoroughly to determine the merits of the claims his client wishes to raise. *See Commonwealth v. Hall,* 582 Pa. 526, 872 A.2d 1177, 1193 (2005) (quoting *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). In effect, counsel is seeking to withdraw from the claims he declines to raise on behalf of his client, and therefore should undertake an analysis similar to that he would employ if he were to file a *Finley* brief with this Court.

¶ 6 Thus, PCRA counsel may not rely solely on his client's failure to provide supporting evidence to assert that a claim has no merit; counsel must also review the record to determine whether he should investigate the claim further. Instantly, counsel failed not only to indicate the extent of his review of the record, but also what issues Appellant raised in his *pro se* petition that counsel declined to raise in the amended petition or on appeal. Our review is further complicated by the absence of Appellant's original *pro se* PCRA petitions and counsel's amended petition in the certified record. Accordingly, we direct counsel to provide a more thorough analysis of the issues Appellant wishes to raise, and further to include in the certified record all the PCRA petitions filed either by Appellant or counsel. *See Battle, supra* (remanding for counsel to file more thorough petition for remand when counsel failed to identify or analyze issues).

 ¶ 7 In counsel's next paragraph, he addresses certain specific claims raised by Appellant. However, counsel provides no supporting citations for the conclusions reached. Supporting citations are required in appellate briefs, or else the claim is waived. *See* Pa.R.A.P. 2119(b); *Commonwealth v. Thompson,* 939 A.2d 371, 376 (Pa.Super.2007). This Court will not accept counsel's petition for remand if it is devoid of legal analysis. *See Commonwealth v. Gallman,* 838 A.2d 768, 773–74 (Pa.Super.2003). We can think of no reason why the Rule 2119(b) requirement would not apply to counsel's averments that certain claims are frivolous and without merit. Because we consider the lack of supporting citations to constitute a failure to provide legal analysis, we also re-

---

**2.** Appellant has filed a response in which he supports the petition for remand and insists

that counsel has failed to assist him in developing his claims.

206

mand this portion of counsel's petition for more exacting legal analysis.

 ¶ 8 Finally, counsel addresses Appellant's allegation that, in the counseled appellate brief, counsel failed to react to various issues addressed in the PCRA court's opinion. We again note that counsel has provided no supporting citation for his claims, and therefore these claims require elaboration. Further, we must specifically reject two justifications raised by counsel: (1) "Appellant never alleged in [his] PCRA petition what trial counsel failed to investigate and how that would have benefited his case;" and (2) "these issues were not developed in [his] PCRA petition and the [PCRA court] should not have even allowed testimony by [A]ppellant in support of these issues." Counsel's Motion at 2–3. We remind counsel that the purpose of permitting PCRA petitioners to amend their petitions is to provide them:

> with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation. *See [Commonwealth v.] Williams,* 566 Pa. 553, 782 A.2d [517,] 526–27 [(2001)] (interpreting the predecessor to [Pa.R.Crim.P.] 905 to require the PCRA court to allow amendment of the petition so that the petitioner can make "a sufficient offer ... to warrant merits review").

*Commonwealth v. McGill,* 574 Pa. 574, 832 A.2d 1014, 1024 (2003). We hold that PCRA counsel may not contend that a petitioner has waived certain claims by failing to raise them in his *pro se* petition, when it is counsel's duty to ensure that such *pro se* claims are not waived in the amended petition unless they are clearly without merit. *See id.* On remand, coun-

sel is directed to explain why the claims Appellant wishes to raise are without merit, rather than relying on the *pro se* petitions for a finding of waiver.

¶ 9 Accordingly, we direct counsel to prepare a proper and thorough petition for remand within thirty days of the date of the filing of this opinion, in accordance with the directives noted above. Counsel is also instructed to include in the certified record all of the PCRA petitions filed in this case so that this Court may conduct a proper review of counsel's forthcoming petition for remand.[3]

¶ 10 Case remanded. Panel jurisdiction retained.

---

**3.** We also request that counsel explain why, after filing a *Finley* letter, he continued to file

an amended petition on Appellant's behalf and whether he officially withdrew the letter.