COMMONWEALTH of Pennsylvania, Appellee

v.

**Jameen WARREN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 2, 2009.
Filed Aug. 10, 2009.

Scott D. Galloway, Media, for appellant.

George M. Green, Assistant District Attorney, and William R. Toal, III, Assistant District Attorney, Media for Commonwealth, appellee.

BEFORE: BENDER, ALLEN, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

¶ 1 Appellant, Jameen Warren, appeals from the order entered in the Delaware County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–46. Appellant and counsel have also filed separate petitions to remand for appointment of new counsel. We hold that PCRA counsel may not justi-

* Former Justice specially assigned to the Superior Court.

fy his failure to argue certain issues by claiming those issues are without merit, and then argue broadly that an evidentiary hearing was warranted without specifying what issues merited a hearing. Accordingly, we vacate the order, dismiss Appellant's *pro se* petition, and grant counsel's petition to remand for the appointment of new counsel.

¶ 2 After a jury trial, Appellant was convicted of second-degree murder, three counts of robbery, robbery of a motor vehicle, and related charges. On November 21, 2005, Appellant was sentenced to life imprisonment for second-degree murder, and an aggregate term of twenty to forty years' imprisonment for the remaining charges. On direct appeal, this Court affirmed the judgment of sentence. Appellant did not seek allowance of appeal with the Pennsylvania Supreme Court.

¶ 3 On December 17, 2007, Appellant filed the instant PCRA petition, *pro se*. Current PCRA counsel was appointed on December 31, 2007, and Appellant filed an amended PCRA petition through counsel on January 31, 2008. On May 1, 2008, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing. On June 4, 2008, the PCRA court dismissed the petition.

█ ¶ 4 Appellant timely filed this appeal on June 26, 2008. After counsel filed a brief on Appellant's behalf on December 1, 2008, Appellant filed a *pro se* petition for remand on April 20, 2009, in which he challenged counsel's effectiveness, alleging that counsel's brief was incomplete. In an April 30, 2009 order, this Court instructed counsel to respond to Appellant's *pro se* petition to remand pursuant to *Commonwealth v. Battle*, 879 A.2d 266 (Pa.Super.2005), and *Commonwealth v. Lawrence*, 408 Pa.Super. 9, 596 A.2d 165 (1991). On May 28, 2009, counsel filed the instant application for remand, responding to Appellant's claim of ineffectiveness.

█ ¶ 5 In *Battle*, this Court outlined the procedure for addressing *pro se* allegations of ineffective assistance of current counsel:

We begin by reviewing our well established procedures for handling documents filed *pro se* by represented appellants. These procedures are guided by our Supreme Court's holding that there is no constitutional right to hybrid representation, neither on appeal, nor at trial. [*Commonwealth v.*] *Ellis*, 534 Pa. [176,] 180, 626 A.2d [1137,] 1139 [(1993)]. When an appellant who is represented by counsel files a *pro se* petition, brief, or motion, this Court forwards the document to his counsel. 210 Pa.Code § 65.24; *Ellis*, 534 Pa. at 180, 626 A.2d at 1139. If the brief alleges ineffectiveness of appellate counsel, counsel is required to petition this Court for remand. *Ellis*, 534 Pa. at 180, 626 A.2d at 1139; *Lawrence*, 596 A.2d at 168. In the petition for remand, counsel must cite appellant's allegations of ineffectiveness and provide this Court with an evaluation of those claims. *Commonwealth v. Blystone*, [ ] 617 A.2d 778, 782 ([Pa.Super.] 1992); *Lawrence*, 596 A.2d at 168. This Court will then determine whether or not a remand for appointment of new counsel is required, based on our review of counsel's petition and the record. *Blystone*, 617 A.2d at 782; *Lawrence*, 596 A.2d at 168.

We stress that this Court does not review the *pro se* brief, but rather reviews counsel's analysis of the issues raised *pro se*. *Blystone*, 617 A.2d at 782; *Lawrence*, 596 A.2d at 168. The process has similarities to the procedures required of appointed counsel who seeks to withdraw from representing an appellant, based on a determination that the issues

for appeal are totally frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (describing the requirements of an *Anders* brief, which must be filed when appointed counsel seeks to withdraw from a direct appeal based on a determination that the issues presented are wholly frivolous); *Commonwealth v. Finley,* [ ] 550 A.2d 213 ([Pa.Super.] 1988) (*en banc*) (describing the requirements of a *Finley* letter, which must be filed when appointed counsel seeks to withdraw from a collateral appeal filed under the Post–Conviction Relief Act).

*Battle,* 879 A.2d at 268–69 (footnote omitted).

¶ 6 When counsel files a petition to remand for appointment of new counsel, "[i]n effect, counsel is seeking to withdraw from the claims he declines to raise on behalf of his client, and therefore should undertake an analysis similar to that he would employ if he were to file a *Finley* brief with this Court." *Commonwealth v. Jette,* 947 A.2d 202, 205 (Pa.Super.2008). Thus, in his petition for remand, counsel must: (1) "list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]" and (2) "set forth ... an explanation of why the petitioner's issues are meritless[.]" *Commonwealth v. Friend,* 896 A.2d 607, 615 (Pa.Super.2006).

¶ 7 Although we generally do not review *pro se* filings, we note that in his petition to remand, Appellant alleges counsel's brief was incomplete, and therefore counsel was ineffective. The *pro se* petition is vague in asserting exactly how the brief was incomplete, stating only: "The Brief submitted on said day is incomplete, thereby, making both the Brief and Appellate Counsel Ineffective by denying a meaningful appellate review by this Honorable Court." *Pro se* Petition for Remand, filed 4/20/09. Though Appellant's *pro se* petition fails to specify how the brief was incomplete, we infer, based on Appellant's amended PCRA petition and counsel's petition for remand, that Appellant objects to the brief because, although it includes the issues raised in the amended PCRA petition, it argues only, "[Did] the [PCRA] court [err] in denying [Appellant's] amended [PCRA] petition without allowing him the opportunity of an evidentiary hearing?" Appellant's Brief at 10. We agree with Appellant.

¶ 8 Appellant raised four issues in his amended PCRA petition: (1) trial counsel was ineffective for failing to file a pre-trial motion to suppress Appellant's statement; (2) trial counsel was ineffective for failing to file a pre-trial motion requesting a change of venue due to publicity; (3) trial counsel was ineffective for failing to employ the service of an expert to testify about the effects of crack cocaine in reference to Appellant's statement and actions; and (4) trial counsel was ineffective for failing to request a jury instruction which would have allowed the jury to weigh the voluntariness of the confession.[1] On appeal, counsel did not raise these issues, instead raising the sole issue of whether the PCRA court erred in denying Appellant's PCRA petition without an evidentiary hearing.

¶ 9 Counsel's petition for remand addresses Appellant's claim that his brief was incomplete by addressing each of the four issues raised in the amended PCRA

---

1. The amended PCRA petition is not included in the certified record. We note that the docket sheet reflects it was filed, but it was not numbered or listed. We are able to determine that these were the issues raised by relying on the PCRA court opinion, counsel's brief, and counsel's petition for remand.

petition. Counsel's Petition for Remand, filed 5/28/09, at 3. Counsel's rationale for not raising these issues in his appellate brief echoes the reasoning employed by the PCRA court in dismissing Appellant's claims. *See* PCRA Ct. Op., 10/15/08, at 4–5 (finding: (1) trial counsel was not ineffective for failing to pursue suppression of Appellant's statement when counsel had filed a motion to suppress and vigorously litigated the issue; (2) trial counsel was not ineffective for failing to pursue a change of venue due to alleged pretrial publicity when there is no support in the record of any unusual publicity at the time of trial;[2] (3) trial counsel was not ineffective for failing to present an expert to testify on the effects of crack cocaine when there is no evidence in the record that Appellant was under the influence of crack when he made his statement; and (4) trial counsel was not ineffective for failing to request a jury instruction concerning how to weigh the voluntariness of Appellant's statement when the jury had received nearly four pages of instruction concerning how to gauge the voluntariness of his confession). In his petition for remand, counsel uses the same reasoning to explain why he did not raise these issues in the appellate brief.

¶ 10 In filing a petition to remand for appointment of new counsel, counsel must: (1) "list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]" and (2) "set forth . . . an explanation of why the petitioner's issues are meritless[.]" *See Friend, supra; see also Jette,* 947 A.2d at 205 ("[W]hen seeking withdrawal of representation, PCRA counsel is required to detail the nature and extent of his review."). Instantly, although counsel explained why the issues were meritless, he failed to detail the nature and extent of his review of the merits sufficiently. After review, we find counsel's issue on appeal illogical when considered in the context of his petition to remand.

■ ¶ 11 "[T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Commonwealth v. Taylor,* 933 A.2d 1035, 1040 (Pa.Super.2007). Ultimately, the PCRA court found: "None of the four issues raised in [Appellant's] petition create a genuine issue of fact, and all of them fail as a matter of law. Thus, no purpose would have been served by holding an evidentiary hearing." PCRA Ct. Op., 10/15/08, at 4.

¶ 12 Counsel employs the same rationale used by the PCRA court in disposing of Appellant's claims to justify why he did not include these claims in Appellant's brief. Inexplicably, counsel then argues in his appellate brief that the PCRA court erred in not granting an evidentiary hearing on those claims. Appellant's Brief at 12. In other words, counsel's petition for remand appears initially to support the PCRA court's opinion that "no purpose would be served by holding an evidentiary hearing." *See* PCRA Ct. Op., *supra.* It is axiomatic, then, that counsel cannot refrain from raising issues because he believes them to be without merit, then rely on those same issues as the underlying grounds for re-

---

**2.** The trial court explains its rationale for denying this claim, noting that it reviewed the record and found no evidence of any unusual publicity, nor did Appellant submit any documents, exhibits, or affidavits at any time in support of his contention. However, in his petition to remand, counsel refutes this claim by asserting baldly that there was no unusual publicity. He makes no note of having reviewed the record, cites no authority, and dismisses the contention in two brief sentences.

questing an evidentiary hearing. In effect, counsel either has failed to raise and preserve claims of merit on appeal, or he raises a frivolous claim in the sole issue on appeal. *Compare Jette,* 947 A.2d at 205 (observing that counsel must undertake *Finley*-type analysis of claims appellant wishes to raise upon filing petition for remand), *with Taylor,* 933 A.2d at 1040 (noting that PCRA evidentiary hearing is not necessary if no genuine issue of material fact exists). In either event, counsel is not satisfying his duty, to his client in the former, and to this Court in the latter. Accordingly, we hold that PCRA counsel may not raise a bald claim on appeal that his client was entitled to an evidentiary hearing, then summarily reject the underlying claims he raised in the amended PCRA petition.

¶ 13 In conclusion, we are not satisfied that Appellant has had the benefit of effective counsel. Therefore, upon remand, Appellant is entitled to the appointment of new counsel within thirty days of the filing date of this opinion. Newly appointed counsel shall examine Appellant's original and amended PCRA petitions, consult with Appellant to determine the claims he wishes to raise, and investigate those claims thoroughly, along with any other claims of arguable merit. Newly appointed counsel shall then either re-file current counsel's amended PCRA petition or file a new PCRA petition.

¶ 14 Order vacated. Appellant's *pro se* petition dismissed. Counsel's petition to remand for appointment of new counsel granted. Case remanded with instructions. Jurisdiction relinquished.