J-A19037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FANNIE MAE, FEDERAL NATIONAL MORTGAGE ASSOCIATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JEFFREY F. KRATZ AND MARGUERITE F. KRATZ | |
| APPEAL OF: JEFFREY F. KRATZ | No. 1534 EDA 2014 |

Appeal from the Order Entered May 5, 2014
in the Court of Common Pleas of Montgomery County Civil Division
at No(s): 2011-25916

BEFORE: FORD ELLIOTT, P.J.E., OTT, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED OCTOBER 21, 2016**

Appellant, Jeffrey F. Kratz, appeals from the order granting summary judgment in favor of Appellee, Fannie Mae, Federal National Mortgage Association, in this mortgage foreclosure action. Appellant contends (1) that because the United States government "bailed out" the banks, he owes no money under the mortgage; (2) every assignment of Appellant's mortgage was defective and thus the mortgage was never properly transferred from the original holder; and (3) thus, Appellee lacks standing to bring suit because it is not the owner and holder of the mortgage. We affirm.

We adopt the facts and procedural history set forth in the trial court's opinion.[1] **See** Trial Ct. Op., 6/23/15, at 2-7. Appellant timely appealed and

---

[*] Former Justice specially assigned to the Superior Court.

timely filed a court-ordered Pa.R.A.P. 1925(b) statement. Appellant raises the following issue: "Have the pleadings and discovery of [Appellant] shown that there is a genuine issue as to material facts and that [Appellee] is not entitled to a judgment as a matter of law pursuant to Pa.R.C.P. 1035.2." Appellant's Brief at 7.

In support of his issue, Appellant raises three arguments. First, because the United States government "bailed out" Wall Street and the banks, Appellee has been paid-in-full and Appellant owes no money. In support of this argument, Appellants generally refers this Court to a fifty-six page expert report and cites no law. Second, Appellant states that all the assignments were invalid because the assignments were not executed by the "appropriate officers of the bank involved in the actual assignments of the note and mortgage." Appellant's Brief at 18. Appellant cites no law for this proposition, either. Lastly, citing a single trial court opinion, Appellant opines that because the assignments were invalid, Appellee lacks standing to bring suit. *Id.* at 16. We affirm.

We adhere to the following standard of review:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is

---

[1] We note this appeal was stayed when Appellant filed for bankruptcy. The stay was lifted on April 18, 2016. Order, 4/18/16.

> entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***NASDAQ OMX PHLX, Inc. v. PennMont Secs.***, 52 A.3d 296, 303 (Pa. Super. 2012) (citation omitted).

When a party cites no legal authority in support of its claim, the claim is waived. ***Commonwealth v. Natividad***, 938 A.2d 310, 340 (Pa. 2007); ***Commonwealth v. Jette***, 947 A.2d 202, 205 (Pa. Super. 2008) (same). Instantly, Appellant cites no law for the propositions that because Appellee was "bailed out" by the federal government, Appellant owes nothing for the mortgage and the assignments were invalid. Because Appellant cites no legal authority, he has waived his claims. ***See Natividad***, 938 A.2d at 340; ***Jette***, 947 A.2d at 205. Appellant's third argument derives from his second argument. Because Appellant has waived his claim that the assignments were invalid, Appellant cannot establish his derivative claim that Appellee lacks standing. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2016

**THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA
CIVIL ACTION - LAW**

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE | : | SUPERIOR COURT |
| ASSOCIATION | : | NO. 1534 EDA 2014 |
| | : | NO. 1545 EDA 2014 |
| v. | : | CONSOLIDATED |
| | : | |
| MARGUERITE KRATZ | : | |
| and JEFFREY KRATZ | : | TRIAL COURT |
| a/k/a JEFFREY F. KRATZ | : | NO. 2011-25916 |

**ROGERS, J.**                                                   **JUNE 23, 2015**

## *OPINION*

## I.  INTRODUCTION

Appellant Marguerite Kratz and Appellant Jeffrey Kratz (jointly "Appellants") have appealed to the Superior Court of Pennsylvania ("Superior Court") from this court's order dated and docketed on May 6, 2014, granting Federal National Mortgage Association's[1] ("Appellee") motion for summary judgment. For the reasons set forth below, the undersigned respectfully requests that the Superior Court affirm the judgment *in rem*.

---

[1] Federal National Mortgage Association is also sometimes referred to as "Fannie Mae" in the record.





## II. FACTUAL AND PROCEDURAL HISTORY

The relevant facts and procedural history underlying this appeal are as follows. On November 27, 2002, Jeffrey Kratz executed a promissory note ("note") in the amount of $169,800.00 and mortgage for property located at 415 East Broad Street, Souderton, Pennsylvania ("property"), as security for the sums due under the note to Financial Mortgage Corporation. (Motion for Summary Judgment, filed 7/24/13, Exhibit B (substituted on 10/28/13) and Exhibit C). On the same day, Financial Mortgage Corporation assigned the Mortgage to First Horizon Home Loan Corporation. (*Id.* at Exhibit D). First Horizon had the mortgage assignment recorded on December 12, 2002. (*Id.*). On November 14, 2008, Jeffrey Kratz executed a deed which conveyed title to the property to himself and Marguerite Kratz as tenants by the entireties.[2] (*Id.* at Exhibit E). First Horizon Home Loans, a division of First Tennessee Bank National Association, as successor in interest by merger to First Horizon Home Loan Corporation, assigned the Mortgage on June 3, 2010, to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Horizon Home Loans. (*Id.* at Exhibit F). The Montgomery County Recorder of Deeds recorded the Assignment of Mortgage on July 28, 2010. (*Id.*).

Appellants failed to make their monthly payments due on the first of the month beginning with the payment due on September 1, 2010.

---

[2] Counsel for Jeffrey Kratz, Gerald M. Barr, Esquire, prepared the deed to transfer ownership "from Husband to Husband and Wife" which Jeffrey Kratz executed on November 14, 2008, and recorded on the same day. (Motion for Summary Judgment, Exhibit E).

(Amended Complaint in Mortgage Foreclosure, filed 5/21/12, at ¶ 9). On August 30, 2011, MERS, as nominee for First Horizon Home Loans, assigned the mortgage to Appellee. (Motion for Summary Judgment, Exhibit G). Appellee recorded the mortgage assignment on September 6, 2011. (*Id.*). Appellee sent the proper notices of intent to foreclose to Appellants. (Amended Complaint at ¶ 11; Jeffrey Kratz Answer, filed 6/21/12). On September 15, 2011, Appellee filed a complaint in mortgage foreclosure. Appellants each filed preliminary objections. On May 21, 2012, Appellee filed an amended complaint alleging that Appellants were in default and seeking $172,064.32 in principal, interest, attorney's fees and other charges. (Amended Complaint at ¶ 10).

In response, Jeffrey Kratz did not deny his failure to make payments. Rather, Appellant baldly claimed that the mortgage was not in default because the original lender and owner of the mortgage had been paid in full by virtue of the "massive United States Government bailout of Wall Street and the Banks and/or a payment received under the well-publicized "Credit Default Swaps" Insurance Agreements in place covering the mortgage derivative market;" (Jeffrey F. Kratz's Answer, filed 6/21/12, at ¶¶ 9, 10; Jeffrey F. Kratz's Answers to [Appellee's] Request for Admissions, filed 4/11/13, at ¶¶ 1-3, 6; Motion for Summary Judgment, filed 7/24/13, Exhibit R). In his new matter, Jeffrey Kratz alleged that all of the assignments had been fraudulently signed by "Robo-Signers" and that MERS could not have legally held an ownership interest to assign. (Jeffrey F.

3

Kratz's New Matter at ¶¶ 13-18). Jeffrey Kratz also filed a counterclaim seeking damages for fraud and wrongful misconduct in bringing the action in mortgage foreclosure which allegedly resulted in great financial and physical harm. (*Id.*).

For her part, Marguerite Kratz either admitted or generally denied Appellee's averments in her answer. (Answer and New Matter of Marguerite Kratz, filed 6/22/12). In her new matter, Appellant claimed that unbeknownst to her, Jeffrey Kratz had tricked her into signing a consent to divorce in 2001. According to Appellant, the parties remarried in November of 2008 and, thereafter, Jeffrey Kratz deeded the property over to both Appellants. Marguerite Kratz challenged the validity of the mortgage based upon "the divorce improperly obtained by [Appellant] Jeffrey F. Kratz." (*Id.* at ¶¶ 15-24).

Appellee filed preliminary objections to Jeffrey Kratz's counterclaim on July 11, 2012. Following oral argument, the undersigned sustained Appellee's preliminary objections by order dated September 19, 2012, and dismissed Jeffrey Kratz's counterclaim. Jeffrey Kratz filed a motion for reconsideration and a separate application for determination of finality of order on October 10, 2012. This court denied Appellant's requests by order docketed on October 22, 2012. The Superior Court denied Appellant's petition for review *per curiam* on December 26, 2012, and the Pennsylvania Supreme Court denied his petition for review *per curiam* on July 11, 2013.

4

On July 24, 2013, Appellee filed a motion for summary judgment, seeking judgment *in rem* against Appellants. Appellee attached as exhibits to the motion copies of documents, including the: 1) recorded deed conferring title to the property solely to Jeffrey Kratz, dated November 27, 2002, 2) Note executed by Jeffrey Kratz on November 27, 2002, 3) Mortgage executed by Jeffrey Kratz on November 27, 2002, 4) Assignment of Mortgage recorded on December 12, 2002, 5) Deed conferring title to the property to both Appellants executed on November 14, 2008, 6) Assignment of Mortgage recorded July 28, 2010, 7) Assignment of Mortgage recorded on September 6, 2011, 8) Notice of Intention to Foreclose to Marguerite Kratz, 9) Notice of Intention to Foreclose to Jeffrey Kratz, 10) Requests for Admissions sent to both Appellants, 11) Marguerite Kratz's Answers signed April 2, 2013, 12) Jeffrey Kratz's Answers signed April 9, 2013, and 13) an Affidavit by Lisa Lubbess, a Foreclosure Specialist at Seterus, Inc., the mortgage servicing agent for Appellee.

Jeffrey Kratz filed an answer to the motion for summary judgment on August 23, 2013. Therein, Appellant argued that 1) MERS is not an entity which may receive assignment or assign a mortgage, 2) the Affidavit by Lisa Lubbess failed to establish any default, and 3) the motion was premature as Appellant had not had the opportunity to pursue discovery. The court held argument on Appellee's motion on October 28, 2013. Based upon Jeffrey Kratz's claim that he needed more time for discovery, the undersigned deferred his decision and scheduled reargument for February 4, 2014. The

5

undersigned continued reargument twice at the request of Counsel. In the meantime, Appellee filed an Acknowledgment executed by Jeffrey Kratz's Counsel acknowledging that Counsel "reviewed and inspected the original Promissory Note of November 27, 2002 and original Mortgage of the same date at the offices of [Appellee's Counsel]". In addition, Jeffrey Kratz filed a supplemental memorandum of law on February 25, 2014 with the following exhibits: 1) a copy of the original Note dated November 27, 2002, along with an endorsement page marked "original" and a Note Allonge listing the payee as "[Appellee] by Seterus" as well as the original Mortgage, 2) a report signed by Richard M. Kahn, a principal of and Mortgage Foreclosure Fraud Examiner for Forensic Professionals Group USA, Inc. and 3) a deposition transcript of the testimony of Roger Meadows, a corporate litigation officer for Seterus as servicer of loans for Fannie Mae.

On April 25, 2014, the undersigned held reargument on Appellee's motion for summary judgment. Appellee's Counsel brought the original note and original mortgage for inspection by the court. Instead, the undersigned noted Jeffrey Kratz's Counsel's confirmation that the documents were, in fact, the originals. Following a thorough review of the record, the court granted Appellee's motion on May 6, 2014, and entered judgment *in rem* in the amount of $205,256.19 together with interest.

Jeffrey Kratz filed a notice of appeal to the Superior Court on May 13, 2014. The undersigned issued an order on May 16, 2014, directing Appellant to file a Concise Statement of the Errors Complained of on Appeal

6

("concise statement"). Marguerite Kratz filed a notice of appeal to the Superior Court on May 22, 2014. The undersigned issued an order dated May 29, 2014, directing Appellant to file her concise statement. Jeffrey Kratz filed a concise statement on June 3, 2014, and Marguerite Kratz filed her concise statement on June 18, 2014. The Superior Court *sua sponte* consolidated the appeals by *per curiam* order entered on June 10, 2014.

## III. ISSUES

Jeffrey Kratz raises the following issues on appeal:

1. The Order of the Honorable Thomas P. Rogers dated May 6, 2014 provides no reason why Judge Rogers granted Plaintiff's Motion for Summary Judgment. A copy of Judge Rogers [sic] Order is attached hereto as Exhibit "A".

2. A Motion for Summary Judgment is available only where the Pleadings, Depositions, Answers to Interrogatories and Admissions on file together with the Affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Pa.R.Civ. [sic] P. Rule 1035(b).

3. An uncontradicted Affidavit of the moving party or its witness will not support a grant of Summary Judgment because of the factual issue the Affidavit raises concerning the credibility of its maker. Godlewski v. Pars Manufacturing Company [sic] 408 Superior Court 425 [sic] 597 A.2nd 106 (1991).

4. The Honorable Thomas P. Rogers erred in determining that there were no genuine issues of material fact. The following material facts are at issue:

    a. The Note upon which Plaintiff is suing was never properly transferred from the original holder of the Note, Financial Mortgage Corporation to First Horizon Home Loans.

    b. Each transfer and assignment thereafter was also deficient in some manner and therefore, Federal National Mortgage Association has no standing to bring the within

7

Foreclosure Action because they are not the true owner or holder of the original mortgage or note.

c.     Plaintiff relies on an "Affidavit in Support of Plaintiff's Motion for Summary Judgment" allegedly executed by Lisa Lubbess. An uncontradicted Affidavit of the moving party or its witness will not support a grant of Summary Judgment.

d.     Plaintiff has been unable to produce the original assignments of the Note.

e.     One of the assignees of the Note was MERS which Plaintiff's witness admitted in his Deposition that MERS was never an owner or a holder of the mortgage or note. Therefore, said assignment was invalid.

f.     The Honorable Thomas P. Rogers failed to address Plaintiff's ownership and possession of the Note as a prerequisite in the Foreclosure Action.

g.     The Honorable Thomas P. Rogers erred by granting Plaintiff's Motion for Summary Judgment when Plaintiff produced no evidence that it is the proper Holder of the Note.

5.     The Honorable Thomas P. Rogers erred in determining that the Plaintiff has standing to pursue the within action.

(Jeffrey Kratz's concise statement filed June 3, 2014, at Docket No. 1534 EDA 2014).

Marguerite Kratz raises the following issues on appeal:

1.     Judge Rogers has filed no opinion nor provided reasons for the Order of May 6, 2014, the Appeal of which is the matter at issue. A true and correct copy of said Order is attached hereto as Exhibit "A".

2.     Summary Judgment is proper only when the pleadings and discovery show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. No. 1035.2.

3.     In granting a summary judgment the Court must examine the record in a light most favorable to the non-moving party. In

8

re: Estate of Shelly, 2008 Pa. Superior Ct. 116, 950 A.2d 1021 (2008).

4. Defendant, Marguerite Kratz, alleged in her New Matter that Defendant, Jeffrey Kratz obtained a divorce from her in 2001 by wrongfully taking advantage of her mental status condition at the time in question.

5. The Plaintiff in its general denial of said allegations and in its Memorandum of Law in support of its Motion for Summary Judgment, has apparently conceded the accuracy of those allegations, while disputing the legal significance thereof. To the extent the Plaintiff did not so concede, a genuine issue of material fact exists relating to this question.

6. The Honorable Thomas P. Rogers in granting the Motion for Summary Judgment filed by the Plaintiff against the Defendant, Marguerite Kratz, has erred in ruling that the circumstances surrounding the Defendants' marital status were not significant to the mortgage foreclosure action.

7. The Honorable Thomas P. Rogers has also erred in failing to exercise the equitable powers of the Court to promote economic justice on behalf of the Defendant, Marguerite Kratz, by sanctioning the conduct of Defendant, Jeffrey Kratz in obtaining a divorce by fraudulent means. This allowed him to use marital assets to acquire the property in question and, in turn, to lien said property without the joinder of Defendant, Marguerite Kratz. The mortgage foreclosure will result in a loss to Marguerite Kratz of what should have been marital property as defined in 23 Pa.C.S.A. Sec. 3501(a).

8. The Honorable Thomas P. Roger[s] erred in failing to allow Marguerite Kratz the opportunity to prove that the Mortgage in question should be revoked as it affects and applies to her interest in the property in question.

9. Defendant, Marguerite Kratz hereby reserves the right to file additional matters complained of when the Honorable Thomas P. Rogers issues his opinion in support of his Order granting the Motion for Summary Judgment.

(Marguerite Kratz's concise statement filed June 18, 2014, at Docket No. 1545 EDA 2014).

9

## IV. DISCUSSION

Appellants assert that the court erred in granting summary judgment, albeit for different reasons. First, Jeffrey Kratz sets forth two basic arguments: 1) Appellee lacked standing to bring this action in mortgage foreclosure because of the improper or deficient transfer and assignment of the Mortgage and Note and 2) Appellee improperly relied on the Affidavit of Lisa Lubbess in support of its motion. Second, Marguerite Kratz insists that genuine issues regarding material facts remain regarding her marital status which precluded summary judgment. Appellants are both mistaken.

Preliminarily, the applicable standards on review of an order granting summary judgment are as follows. Summary judgment is appropriate only where there is no genuine issue of material fact and it is clear that the moving party is entitled to judgment as a matter of law. *401 Fourth Street, Inc. v. Investors Insurance Group*, 583 Pa. 445, 461 n.4, 879 A.2d 166, 175 n.4 (2005) (citing Pa.R.C.P. 1035.2(1)); *PHH Mortgage Corporation v. Powell*, 100 A.3d 611, 616 (Pa.Super. 2014). Summary judgment is also "proper in cases in which an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to a cause of action or defense in which a jury trial would require the issues to be submitted to a jury." *401 Fourth Street, supra* (citing Pa.R.C.P. 1035.2(2)).

> In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. In considering whether there exists a genuine issue of material fact, the court does not weigh the evidence, but determines

10

whether a reasonable jury, faced with the evidence presented, could return a verdict for the non-moving party. . . . [T]he court may grant summary judgment only when the right to such judgment is clear and free from doubt.

*401 Fourth Street, supra* (citations omitted).

Although the moving party bears the initial burden of establishing the absence of a genuine issue of material fact, the adverse party may not rest upon mere allegations or denials in the pleadings to defeat the motion for summary judgment. *Nordi v. Keystone Health Plan West, Inc.,* 989 A.2d 376, 379 (Pa.Super. 2010). Rather, the nonmoving party must produce evidence of specific material facts demonstrating a genuine issue for trial. *Bank of America, N.A. v. Gibson,* 102 A.3d 462, 464 (Pa.Super. 2014) (citing Pa.R.C.P. 1035.3); *Nordi, supra.* Failure of the nonmoving party to adduce sufficient evidence on an issue essential to his case or defense establishes the moving party's entitlement to judgment as a matter of law. *JP Morgan Chase Bank, N.A. v. Murray,* 63 A.3d 1258, 1261 (Pa.Super. 2013); *Nordi, supra.* "[A] factual issue is considered 'material' for summary judgment purposes if its resolution could affect the outcome of the case under the governing law." *Strine v. Commonwealth,* 586 Pa. 395, 402, 894 A.2d 733, 738 (2006) (citation omitted).

The governing law provides that an action in mortgage foreclosure is strictly an *in rem* proceeding, and its purpose is solely to effectuate a judicial sale of the mortgaged property. *First Wisconsin Trust Company v. Strausser,* 653 A.2d 688, 693 n.4 (Pa.Super. 1995) (citing *New York Guardian Mortgage*

11

*Corporation v. Dietzel*, 524 A.2d 951, 953 (Pa.Super. 1987). The *Gibson* Court recently explained as follows:

> The holder of a mortgage has the right, upon default, to bring a foreclosure action. *Cunningham v. McWilliams*, 714 A.2d 1054, 1056–57 (Pa.Super. 1998). The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount. *Id.*

*Gibson, supra* at 464-65.

"Under the Pennsylvania Uniform Commercial Code (PUCC), the note securing a mortgage is a negotiable instrument." *Id.* at 466 (citing *Murray, supra*). "A note endorsed in blank is a 'bearer note,' **payable to anyone on demand regardless of who previously held the note**." *Id.* (citing 13 Pa.C.S.A. §§ 3109(a), 3301) (emphasis added). In addition,

> [the Superior] Court has held that the mortgagee is the real party in interest in a foreclosure action. *Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 (Pa.Super. 2010) (quoting *US Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa.Super. 2009)). Section 3301 of the PUCC provides that a holder of a negotiable instrument is a "person entitled to enforce" it. 13 Pa.C.S.A. § 3301(1). Section 3302 defines a "holder in due course" of a negotiable instrument as the holder of an instrument if "the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity;" and the holder took the instrument for value and in good faith. *Id.* § 3302(a). Finally, Section 1201 defines a "holder," in relevant part, as "the person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession." *Id.* § 1201(b)(21)(i).

*Powell, supra* at 619-20.

12

Instantly, Jeffrey Kratz challenges the chain of assignment and transfer of the mortgage and note in this matter. More important, however, is what he does not challenge. Appellant does not dispute that Appellee is the holder of the original mortgage and note. (*See* Acknowledgment of Inspection of Original Documents, filed 4/25/14). The record in this case clearly shows that Appellee holds the original note and original mortgage indorsed in blank and Note Allonge and, therefore, has standing to bring this action. Accordingly, Appellant's challenge to Appellee's standing based upon the chain of assignment must fail. *See Gibson, supra; Powell, supra; Murray, supra.*

In his second issue on appeal, Jeffrey Kratz complains that the court erred in considering the Affidavit of Lisa Lubbess that Appellee submitted in support of its motion for summary judgment. Appellant's second claim is also unavailing.

Pennsylvania law disfavors trial by affidavit. *Murray, supra* at 1267. Testimonial affidavits by the moving party or its witnesses, even if uncontradicted, will not support the entry of summary judgment since credibility remains a matter for the jury. *Id.; see Nanty-Glo v. American Surety Company,* 309 Pa. 236, 163 A. 523 (1932). An exception to this rule exists, however, where the moving party uses the admissions of the opposing party, including facts admitted in the pleadings. *Gibson, supra* at 466 (citations omitted). Further, in mortgage foreclosure actions, general denials

13

constitute admissions where specific denials are required. *Id.* (citing *Strausser, supra* at 692; Pa.R.C.P. 1029(b),(c)).

Instantly, Lisa Lubbess, a Foreclosure Specialist with Seterus, Inc., the mortgage servicing agent for Appellee, provided the affidavit at issue. In the affidavit, Ms. Lubbess explained her credentials and how the Seterus business records are kept. (Motion for Summary Judgment, Exhibit S). The affidavit contains nine (9) paragraphs of allegations based on the evidence, the majority of which Appellants previously admitted in their answers to the amended complaint or in response to Appellee's requests for admissions. In this court's review, the only contested issue alleged in the affidavit is one of default. However, the contesting on Appellant's part is by the assertion of unsupported allegations.

Specifically, Jeffrey Kratz has never denied that Appellants have failed to make payments on the mortgage on or after September 1, 2010. Rather, he claims that there is no default because the original lender on his mortgage and note has been paid off by the "government bailout" of certain unnamed banks. Arguably, under the recent cases cited above, whether or not the original lender has been paid off by anyone other than the borrower is irrelevant. Furthermore, while a novel claim, the unsupported allegation does not create a genuine issue of material fact contrary to Appellant's protestations otherwise. The undersigned properly granted summary judgment.

14

Marguerite Kratz raises several claims that can be distilled into one. Appellant alleges that her husband Jeffrey Kratz took advantage of her mental state in 2001 and wrongfully obtained a divorce. In 2008, after the couple remarried, Jeffrey Kratz executed a new deed on the property which he alone had purchased on November 27, 2002. The new deed transferred ownership to Jeffrey F. Kratz and Marguerite Kratz as tenants by the entireties. Had Jeffrey Kratz not fraudulently obtained a divorce in 2001, Marguerite Kratz's signature would have been required on the note and mortgage in November 2008. According to Marguerite Kratz, the fraud committed by Jeffrey Kratz renders the mortgage invalid. Appellant's claim warrants no relief on appeal.

The Superior Court addressed an analogous claim in *Strausser*, 653 A.2d at 692-93. There, the appellant, Strausser, asserted defenses of duress, fraud and unjust enrichment resulting from alleged influence brought to bear by the second mortgagor appellant, Perlberger, as the reason the mortgage was invalid. Specifically, Strausser claimed Perlberger had taken advantage of her while the two were romantically involved and had "through manipulation, fraud and deceit, pressured her into purchasing the mortgaged premises." *Id.* at 692. The Court concluded "Strausser's allegations of wrongdoing [were] directed at Perlberger and not at [the appellee]. Strausser's affirmative defense, therefore, [was] without merit." *Id.* at 693.

15

Instantly, Marguerite Kratz's allegations of wrongdoing are directed at Jeffrey Kratz and not at Appellee. Accordingly, Appellant's claim lacks merit. Moreover, even were this court to consider Marguerite Kratz's appeal to exercise its equitable powers, Appellant did not provide a shred of evidence in support of her allegations. She may not rest upon mere allegations or denials in her pleadings to defeat the motion for summary judgment.

Appellants have produced no evidence which creates a genuine issue of material fact. Thus, Appellee is entitled to judgment as a matter of law.

## V.  CONCLUSION

Based upon the reasoning set forth herein, the undersigned respectfully requests that the Superior Court affirm the judgment *in rem*.

BY THE COURT:

THOMAS P. ROGERS, J.
**Court of Common Pleas**
**Montgomery County,**
**Pennsylvania**
**38th Judicial District**

A copy of the above Opinion was sent to the following on 06/23/15:
**By First-Class Mail:**
Gerald M. Barr, Esquire, Counsel for Appellant,
    Jeffrey F. Kratz

16

Douglas A. Gifford, Esquire, Counsel for Appellant,
    Marguerite Kratz
Andrew L. Markowitz, Esquire, Counsel for Appellee,
    Federal National Mortgage Association

Judicial Secretary