617 A.2d 778

**COMMONWEALTH of Pennsylvania**

v.

**Robert Blaine BLYSTONE, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1992.

Filed Nov. 19, 1992.

Robert R. Ferguson, Public Defender, Lewistown, for appellant.

Timothy S. Searer, Asst. Dist. Atty., Lewistown, for Com., appellee.

Before CIRILLO, KELLY and CERCONE, JJ.

CIRILLO, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Mifflin County. A motion to withdraw counsel is also before this court. We affirm the judgment of sentence, and deny the motion to withdraw counsel.

A jury convicted appellant Robert Blaine Blystone, Jr. of arson endangering persons and arson endangering property in violation of 18 Pa.C.S. §§ 3301(a)(1)(i) and 3301(c)(1). Following the denial of his post-trial motions, Blystone was sentenced to serve a term of imprisonment of not less than five years nor more than twenty years, and to pay a $500.00 fine. After the trial court denied his motion for reconsideration of sentence, Blystone filed a timely notice of appeal.

On February 14, 1990, at approximately 2:15 a.m., Blystone awakened the owners of a farm in Mifflin County to alert them that their milkhouse was on fire. The owners immediately telephoned the fire department while Blystone remained on the farm to assist in fighting the fire. Over the next several hours firefighters, police officers, and various others congregated on the premises. Some of these individuals were later called to testify against Blystone at his trial.

Blystone testified at trial that he was working at Domino's Pizza until 2:00 a.m., and therefore could not have had enough time to set the milkhouse on fire.[1] Blystone's version of events was contradicted, however, by the Derry Township police captain who testified that while stationed along the main

---

1. The distance from Domino's Pizza to the fire scene is 6.8 miles. The travel time from Domino's Pizza to the fire scene is ten minutes and fifteen seconds.

highway he observed a car drive by with a Domino's pizza sign on its roof. The captain later identified the car as belonging to Blystone. According to the captain's testimony, he observed this car in the vicinity of the fire scene approximately forty-five minutes before the owners of the farm summoned the fire department.

On appeal Blystone raises two issues for our review:

1. Did the Commonwealth meet its burden of proof beyond a reasonable doubt at trial?

2. Did Appellant present sufficient evidence of alibi defense to create a reasonable doubt?

Initially, Blystone contends that the Commonwealth failed to prove beyond a reasonable doubt that he started the fire at the milkhouse and, therefore, his conviction is based solely on speculation. This argument lacks merit. In order to determine whether the evidence was sufficient to support a conviction, we must view the entire record in the light most favorable to the Commonwealth, as verdict winner, and drawing all reasonable inferences therefrom we must then establish if there is sufficient evidence to enable the trier of fact to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Edwards,* 521 Pa. 134, 143, 555 A.2d 818, 823 (1989). This standard applies equally whether the evidence of guilt is direct, or circumstantial, as here, so long as the combination of the evidence links the defendant to the crime beyond a reasonable doubt. *Commonwealth v. Hardcastle,* 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990).

In reviewing a criminal conviction, we will not weigh the evidence and substitute our judgment for that of the factfinder, *Commonwealth v. Pronkoskie,* 498 Pa. 245, 251, 445 A.2d 1203, 1206 (1982), for it is within the sole purview of the factfinder to determine the credibility of the witnesses and the weight to be accorded the testimony of each. *Commonwealth v. Shaver,* 501 Pa. 167, 173, 460 A.2d 742, 745 (1983). Although a defendant's guilt may be established through wholly circumstantial evidence, 498 Pa. at 248, 445 A.2d at 1205;

*Commonwealth v. Cimaszewski*, 447 Pa. 141, 144, 288 A.2d 805, 806 (1972), it cannot be based on mere surmise, conjecture or speculation. *Commonwealth v. Scott*, 409 Pa.Super. 313, 314, 597 A.2d 1220, 1221 (1991).

To convict Blystone of arson endangering persons, the Commonwealth must prove that Blystone intentionally started the fire or caused the explosion and thereby recklessly placed another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire. 18 Pa.C.S. § 3301(a)(1)(i). To convict Blystone of arson endangering property, the Commonwealth must establish that Blystone intentionally started the fire with the intent to destroy or damage the milkhouse. 18 Pa.C.S. § 3301(c)(1). We find that the record contains sufficient circumstantial evidence from which the jury could conclude that Blystone caused the explosion with the intention of damaging the milkhouse. *Cimaszewski, supra; Scott, supra.*

In his second issue, Blystone asserts that the testimony of certain alibi witnesses was sufficient to create a reasonable doubt that he did not set fire to the milkhouse. This argument is also without merit. "Alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Gainer*, 397 Pa.Super. 348, 353, 580 A.2d 333, 336 (1990). Here, several defense witnesses testified that on February 14, 1990, Blystone was at work until 2:00 in the morning. Based on this testimony, Blystone argues that he did not have sufficient time to drive to the farm and set the milkhouse on fire before 2:15 a.m. when the owners of the farm telephoned the fire department.

It is well established that absent an abuse of discretion we will not disturb a trial court's findings of fact if they are supported by the record. *Commonwealth v. McLean*, 396 Pa.Super. 23, 27, 578 A.2d 4, 6 (1990). Determination of the credibility of alibi witnesses is within the sole purview of the jury, *Shaver, supra*, and the jury is free to believe all, part or

none of the evidence. *Id.* In this case, the jury chose not to believe Blystone's witnesses. We will not now weigh the evidence and substitute our judgment for that of the jury. *Pronkoskie, supra.* There is adequate evidence in the record to support the jury's determination that the combination of direct and circumstantial evidence linked Blystone to the arson beyond a reasonable doubt. *Hardcastle, supra.* Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, and drawing all reasonable inferences therefrom, we conclude that there is sufficient competent evidence in the record to support the jury's verdict. *Edwards, supra.* We, therefore, affirm the judgment of sentence.

Although we have disposed of the merits of this case, we must now address a procedural issue.[2] In addition to appoint-

---

**2.** Pursuant to Pennsylvania Rule of Appellate Procedure 902, a direct appeal permitted as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court. The notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903; *see also Commonwealth v. Cavanaugh,* 500 Pa. 313, 456 A.2d 145 (1983). Upon receipt of the notice of appeal, the trial court may enter an order directing the appellant to file a concise statement of the matters complained of on appeal. Pa.R.A.P. 1925(b). "The purpose of the Pa.R.A.P. 1925(b) statement is to specify the particular issues which appellant intends to present on appeal in order to permit the trial court an opportunity to provide the appellate court with a focused and meaningful explanation for any challenged actions in its opinion." *Commonwealth v. Osteen,* 381 Pa.Super. 120, 124, 552 A.2d 1124, 1126 (1989).

Blystone's judgment of sentence was docketed in the trial court on February 8, 1991. Blystone then filed a notice of appeal with the trial court which was docketed on March 1, 1991. On April 26, 1991, the trial court ordered Blystone to file a concise statement of the matters complained of on appeal. Before filing a 1925(b) statement, however, Blystone sent a *pro se* motion for collateral relief under the Post–Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq,* to the trial court's chambers on May 6, 1991. The PCRA petition was never filed with the prothonotary and consequently does not appear on the trial court's docket.

On May 8, 1991, the trial court entered an order dismissing Blystone's PCRA petition. The order read: "Motion dismissed. Appeal is frivolous. See trial record." On that date the trial court no longer had jurisdiction over the case, as Blystone had already filed a timely notice of appeal to this court on Mach 1, 1991. *See* Pa.R.A.P. 1701(a) (after an appeal is taken the trial court may no longer proceed further in the matter); *see also Commonwealth v. Hairston,* 323 Pa.Super. 449, 470

ed counsel's brief addressing the issues presented on direct appeal, Blystone also filed a *pro se* motion to withdraw counsel, and a supporting brief, alleging that his attorney was ineffective. This panel is therefore faced with a "hybrid" form of representation. A similar situation arose in *Commonwealth v. Ellis*, 398 Pa.Super. 538, 581 A.2d 595 (1990) (en banc), *allocatur granted*, 528 Pa. 636, 598 A.2d 992 (1991), when appointed counsel filed a brief raising seven issues for review and the appellant filed a *pro se* brief raising four additional issues. Confronted with this "hybrid" form of representation, the court was unsure of precisely which issues to address. In the past this court had refused to consider the separate briefs of counsel and appellant; rather, this court would remand the case to the trial court for a hearing to enable the appellant to decide whether he wished to represent himself on appeal or be

A.2d 1004 (1984) (the trial court's order dismissing defendant's *pro se* PCHA petition was a nullity because notice of appeal had already been filed at the time of the trial court's order). Therefore, the trial court's order denying PCRA relief is void.

In addition, according to Pennsylvania Rule of Criminal Procedure 1501, a motion for collateral relief must be filed with the clerk of the court in which the defendant was convicted and sentenced. Upon receipt of a motion for post-conviction relief, the clerk of the court must immediately docket the motion and thereafter transmit it, along with the record, to the trial judge. *See* Pa.R.Crim.P. 1503. All documents in criminal matters must be filed with the prothonotary in order to become part of the record. 42 Pa.C.S. § 2756(a)(1); *see also Commonwealth v. Laskaris*, 385 Pa.Super. 339, 561 A.2d 16 (1989) (documents in criminal matters must be filed with the clerk of the court as required under 42 Pa.C.S. § 2756(a)(1)). What is not of record simply does not exist for purposes of appellate review. Pa.R.A.P.1921; *see also Commonwealth v. Osellanie*, 408 Pa.Super. 472, 597 A.2d 130 (1991) (Superior Court is limited to considering only those facts which have been certified in the record on appeal).

Leaving motions in a judge's chambers, or even handing them to a judge in the courtroom or elsewhere, does *not* constitute filing. *Commonwealth v. Lynch*, 304 Pa.Super. 248, 252, 450 A.2d 664, 666 (1982). Here, Blystone "filed" a *pro se* PCRA petition by sending the petition to the judge's chambers; the judge's chamber's date-stamped the petition on May 6, 1991. As the petition was never docketed, it did not become part of the record certified to this court, as required under Pennsylvania Rule of Appellate Procedure 1921. On appeal we are only permitted to consider matters which have been properly filed and duly certified in the record. 42 Pa.C.S. § 2756(a)(1); *Laskaris, supra; Osellanie, supra; Lynch, supra.*

represented by counsel. *Ellis,* 398 Pa.Super. at 545, 581 A.2d at 598.

In *Ellis,* this court, sitting en banc, established a new procedure for handling cases in which both the appellant and his appointed attorney file briefs.

We will accept for filing *pro se* appellate briefs, but we will not review a *pro se* brief if a counseled brief has been filed, either before, simultaneously with, or after the *pro se,* due to the judicial confusion and delay that ensues. Because we refuse to play a timing game or that of a mind reader, trying to determine what the *pro se* really wants, we see no difference as to when the *pro se* brief is filed in relation to the counseled brief. If a *pro se* brief is filed in a counseled appeal, we direct the prothonotary to send the *pro se* brief on to counsel who is best able to determine in her professional judgment which of the *pro se's* issues should be presented for our review. Counsel may argue such pertinent issues in her brief to the court, or if the appellate brief has been filed, she may file a supplemental brief addressing those same issues. If the *pro se* brief alleges ineffectiveness of appellate counsel or an affirmative desire to be heard *pro se,* we direct counsel to petition this court to remand the case to the trial court so that it may conduct a full hearing in order to determine appellant's knowing and intelligent waiver of his right to appellate counsel, and of his desire to proceed *pro se,* or in the case of ineffectiveness, an appointment of new appellate counsel.

*Ellis,* 398 Pa.Super. at 550, 581 A.2d at 600–601; *see also Commonwealth v. Ferri,* 410 Pa.Super. 67, 599 A.2d 208 (1991) (this court is precluded from considering a *pro se* brief where a separate brief has been filed by counsel). *Cf. Commonwealth v. Patton,* 409 Pa.Super. 304, 597 A.2d 1216 (1991) (court disregarded *pro se* supplemental brief to counseled appeal where appellant neither raised allegations of ineffectiveness of counsel nor exhibited a desire to proceed *pro se* ).

Shortly after *Ellis,* a panel of this court considered a similar procedural situation. In *Commonwealth v. Lawrence,* 408 Pa.Super. 9, 596 A.2d 165 (1991), the appellant had filed a *pro*

*se* brief alleging, inter alia, ineffective assistance of counsel. The prothonotary forwarded the *pro se* brief to appellate counsel for review, and thereafter appellate counsel filed a petition with this court to remand for the appointment of a new attorney, as required under *Ellis.* This court denied counsel's petition to remand, stating that a remand for appointment of new counsel was neither necessary nor desirable in every case in which the appellant argues ineffectiveness of counsel.

■ Relying on *Ellis,* the panel held that in cases where an appellant files a *pro se* amendment to his counseled appeal, in which he alleges ineffectiveness of counsel, the prothonotary must forward the *pro se* brief to counsel for review. Upon review of the *pro se* allegations of ineffectiveness, counsel should petition this court for remand, providing this court with an evaluation of the defendant's claims of ineffectiveness. Thereafter, upon a review of counsel's petition for remand, this court will decide whether a remand is in fact warranted. In doing so we will not review the appellant's *pro se* allegations of ineffective assistance of counsel; rather, we will review counsel's analysis of the issues presented, much as we do when faced with an *Anders* brief or *Finley* letter.[3]

To do otherwise, the *Lawrence* panel concluded, would require this court to automatically remand for the appointment of new counsel in *all* cases where the appellant files a *pro se* petition alleging ineffectiveness of counsel. This would only "create administrative burdens and judicial delays similar to those [the court] painstakingly sought to alleviate in *Ellis,* and clearly would undermine the very holding of that case." *Lawrence,* 408 Pa.Super. at 14, 596 A.2d at 168.

**3.** The term *"Anders* brief" refers to the requirements set forth by the U.S. Supreme Court in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), for the withdrawal of appointed counsel in criminal appeals when counsel determines that the issues are wholly frivolous. Similarly, the term *"Finley* letter" refers to the requirements for withdrawal of appointed counsel in collateral appeals filed under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.,* outlined in *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988).

Here, Blystone's unique procedural approach to appellate relief presents a novel issue. Blystone's *pro se* motion to withdraw counsel and supporting brief were docketed by the Prothonotary of the Superior Court on May 26, 1992. However, to date, Blystone's counsel has failed to petition this court to remand for a determination of his ineffectiveness, as mandated by *Ellis*. Although generally we will only review counsel's petition for remand addressing the defendant's *pro se* allegations, here we do not have the benefit of counsel's legal analysis. Nevertheless, as we are able to discern from the record whether counsel was indeed ineffective, in the interest of justice, we will now consider the issues Blystone raises in his motion and supporting brief.[4] *See Commonwealth v. Powell*, 527 Pa. 288, 590 A.2d 1240 (1991) (the use of the rationale "in the interest of justice" to correct errors which would otherwise result in unfairness is deeply rooted in the common law of Pennsylvania). Instantly, while we will proceed to review Blystone's *pro se* allegations of ineffectiveness, we direct the Prothonotary's attention to *Ellis*, and remind counsel and appellants alike that henceforth, all *pro se* amend-

---

**4.** We note, parenthetically, that despite the mandate of Pennsylvania Rule of Appellate Procedure 1931, and official certification by the prothonotary that the record transmitted to this court "is a true and correct copy of the whole and entire record . . .," the record sent by the prothonotary of Mifflin County was incomplete. *See* Pa.R.A.P. 1931(c). The record transmitted to this court did not include the writ of mandamus docketed on December 12, 1991 or the letters docketed on July 16, 1991 and September 10, 1991. It was only through the sustained efforts of the Harrisburg office of the Superior Court Prothonotary that we received these documents. Without the documents, which appear on the trial court docket and therefore constitute part of the record, we would have been precluded from conducting an adequate review.

We note also that it is the appellant's obligation "to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Fiore v. Oakwood Plaza Shopping Center*, 401 Pa.Super. 446, 460–461, 585 A.2d 1012, 1019 (1991); *see also* Pa.R.A.P. 1911(a). As this court stated in *Commonwealth v. Roberson*, 258 Pa.Super. 471, 393 A.2d 455 (1978) (citation omitted), it is not incumbent upon this court to expend "time, effort and man power to scout around the prothonotaries' offices in fifty-nine courts of common pleas to unearth [letters, writs and PCRA petitions] that may have been presented to the courts, but not made part of the records. . . ." *Id.* at 475, 393 A.2d at 457.

ments to counseled appeals *must* follow the procedures outlined in *Ellis*.

In addition to his motion to withdraw counsel, Blystone also "filed" a *pro se* document which he entitled "Writ of Mandamus" by sending it to the trial judge's chambers; the judge's chambers date-stamped the document on July 18, 1991. *See* Pa.R.C.P. 1091 *et seq.* The "Writ" was entered on the trial court's docket on December 12, 1991. However, no order resolving the "Writ" appears in the record.

 Mandamus is an extraordinary remedy which is to be used only sparingly. It is designed to compel the official performance of a ministerial act or a mandatory duty where there exists a clear right in the plaintiff, a corresponding duty in the defendant and want of any other adequate remedy at law. *County of Allegheny v. Commonwealth*, 507 Pa. 360, 362–363, 490 A.2d 402, 408 (1985). In his document entitled "Writ of Mandamus," Blystone first contends there was insufficient evidence to convict him of arson and then sets forth several allegations of ineffectiveness of counsel. At the time Blystone "filed" the document in the trial court's chambers, he had an alternate remedy at law; he had properly filed his notice of appeal to this court several months earlier. Therefore, the extraordinary remedy of mandamus is clearly not available to Blystone under the circumstances of this case. The trial court was correct in not addressing Blystone's "Writ".

The document Blystone filed was not only incorrectly captioned as a "Writ of Mandamus" but also sought a remedy to which he is not entitled. However, as Blystone is proceeding *pro se,* in the interest of efficient judicial administration, we will treat his document as an amendment to his motion to withdraw counsel and will address his issues on that basis. "We do not hold *pro se* complainants to the stringent standards expected of pleadings drafted by lawyers, and will examine the substance of their complaint to determine if plaintiffs would be entitled to relief if they proved the facts averred." *Madden v. Jeffes,* 85 Pa.Cmwlth. 414, 418, 482 A.2d 1162, 1165 (1984).

Blystone argues that his appointed counsel was ineffective for failing to call alibi witnesses and witnesses "critical to defense," failing to object to certain jury instructions, failing to object to prejudicial and irrelevant testimony, failing to object to remarks made by the prosecutor at trial, failing to investigate the relevant circumstances of the case and for improperly advising him to waive his preliminary hearing. Blystone also claims that his attorney did not act promptly to protect him, failed to keep him informed of developments in the case, neglected to file pre-trial motions and generally "acted ineffectively in representation in all aspects of law." We disagree with all of these contentions.

■ When evaluating a claim of ineffectiveness of counsel, we must first determine whether the issue underlying the claim has arguable merit. *Commonwealth v. Johnson,* 527 Pa. 118, 122, 588 A.2d 1303, 1305 (1991) (citation omitted). If the claim lacks merit, our inquiry ceases. *Commonwealth v. Nelson,* 514 Pa. 262, 274, 523 A.2d 728, 735 (1987). However, if the claim has merit, we must establish whether the attorney's course of action had a reasonable basis to further his client's interests. *Commonwealth v. Copenhefer,* 526 Pa. 555, 587 A.2d 1353 (1991). Finally, the appellant must demonstrate how his attorney's error prejudiced him. *Commonwealth v. Pierce,* 515 Pa. 153, 159, 527 A.2d 973, 975 (1987). "In making assertions of ineffectiveness, we also require that an offer of proof be made alleging sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Commonwealth v. Durst,* 522 Pa. 2, 5, 559 A.2d 504, 505 (1989). This is because counsel will not be found to be ineffective in a vacuum, and we will not consider claims of ineffectiveness without some showing of a factual predicate. *Commonwealth v. Hutchinson,* 521 Pa. 482, 486, 556 A.2d 370, 371 (1989).

■ To establish that counsel was ineffective for failing to call witnesses, the appellant must demonstrate: (1) the identity of the witnesses; (2) that counsel knew of the existence of the witnesses; (3) the material evidence that the witnesses would have provided; and (4) the manner in which the wit-

nesses would have been helpful to appellant's case. *Commonwealth v. Polk,* 347 Pa.Super. 265, 273, 500 A.2d 825, 829 (1985); *see also Commonwealth v. Broadwater,* 330 Pa.Super. 234, 246, 479 A.2d 526, 533 (1984) (in seeking to establish that counsel should have called a particular witness, defendant must show that the missing testimony would have been helpful to his defense).

Here, Blystone fails to give either the names or the addresses of any of the witnesses he contends his attorney should have called to testify on his behalf at trial. Moreover, Blystone fails to establish that his attorney was even aware of the existence of these witnesses, the nature of the testimony they might have provided, or how calling the witnesses would have materially assisted his case. Without more, we are unable to determine whether calling these witnesses would have been helpful in establishing Blystone's defense. Thus, we conclude that Blystone's underlying claim that counsel was ineffective for failing to call witnesses is without arguable merit. *Johnson, supra; Polk, supra; Broadwater, supra.*

Blystone next cites three instances of his trial counsel's ineffectiveness for failing to object to certain jury instructions. Blystone contends that his attorney was ineffective for failing to make a contemporaneous objection to the charge, for failing to raise the inadequacy of the charge in post-trial motions, and thereby for failing to preserve the issue on appeal. Blystone argues that the trial court erred in its instruction to the jury on the law of arson by omitting from its charge an essential element of the crime. However, Blystone fails to articulate precisely what element of the offense was omitted.

In evaluating the propriety of a jury instruction, we must consider the charge in its entirety; the error cannot be predicated on an isolated excerpt alone. *Commonwealth v. Nelson,* 389 Pa.Super. 417, 427, 567 A.2d 673, 678 (1989). Even if we find that the trial court erred in instructing the jury, we can only grant relief if the error prejudiced the defendant. *Commonwealth v. Klinger,* 369 Pa.Super. 526, 535 A.2d 1060 (1987). After carefully reviewing the jury charge as

a whole, we find that the trial court thoroughly articulated each and every element of the offenses of arson endangering persons and arson endangering property. *Nelson, supra.* Therefore, Blystone's claims of ineffective assistance of counsel in relation to the jury charge are devoid of merit. *Johnson, supra; see also Commonwealth v. Manigault,* 501 Pa. 506, 462 A.2d 239 (1983) (counsel is not ineffective for failing to preserve an issue for appellate review if the issue foregone lacks arguable merit).

Blystone also argues that his trial counsel's failure to object to prejudicial and irrelevant testimony and failure to object to remarks made by the prosecutor at trial constitutes ineffective assistance of counsel. We find no merit in these arguments. Blystone's mere characterization of testimony as prejudicial and irrelevant is insufficient to imbue it with the legal attributes necessary to make it objectionable. Furthermore, "[c]ounsel does not have to raise every possible objection at trial, and he is not ineffective where he does not raise issues at trial that are without merit." *Commonwealth v. Burch,* 248 Pa.Super. 8, 13–14, 374 A.2d 1291, 1293 (1977) (en banc) (citation omitted). Absent a showing that Blystone was actually prejudiced by his attorney's failure to object, we cannot conclude that his attorney was ineffective. *Durst, supra.*

It is well settled in this Commonwealth that not every intemperate or inappropriate remark by the prosecutor requires a new trial. *Commonwealth v. Baker,* 511 Pa. 1, 511 A.2d 777 (1986). The Pennsylvania Supreme Court has held that:

> [c]omments by a prosecutor do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, firming in their minds fixed bias and hostility towards the defendant so that they could not weigh the evidence objectively and render a true verdict.

*Commonwealth v. D'Amato,* 514 Pa. 471, 490–491, 526 A.2d 300 (1987). In our review of the record, we found no prosecutorial comments which could have reasonably elicited such a fixed bias and hostility towards Blystone. *Id.* Therefore, we find Blystone's claim that counsel was ineffective for failing to

object to remarks made by the prosecutor to be without merit. *Johnson, supra; D'Amato, supra.*

Blystone insists that his attorney failed "to investigate the relevant circumstances of [his] case and explore all avenues leading to facts relevant to the case." Unfortunately, Blystone neglects to indicate what evidence his attorney should have discovered or how the evidence would have helped his case. *See Commonwealth v. Thomas,* 372 Pa.Super. 349, 364, 539 A.2d 829, 837 (1988). This omission is fatal to Blystone's claim and, therefore, we are unable to determine whether his underlying issue is of arguable merit. *Thomas, supra; Johnson, supra.*

In his next issue Blystone contends that his trial attorney was ineffective for advising him to waive his preliminary hearing. Blystone asserts that "counsel knowingly advised defendant to waive [his] preliminary hearing due to the lack of knowledge of defendant in exchange for (ROR) bail." Blystone states that his attorney "knew defendant would do anything to get out of jail to support 3 young children." This contention is utterly without merit. The record contains a waiver of the preliminary hearing signed by Blystone and his attorney. In signing the waiver, Blystone acknowledged that he was informed of his right to a preliminary hearing.[5] The law presumes that an attorney acts in the interest of his client. *Commonwealth v. Watson,* 523 Pa. 51, 65–66, 565 A.2d 132, 139 (1989). In the absence of an offer of proof supporting Blystone's allegation, we cannot say counsel was ineffective when he advised Blystone to waive the preliminary hearing. *Durst, supra.*

In his motion to withdraw counsel, Blystone asserts that his attorney was ineffective because "counsel did not act promptly to protect the accused" and because "counsel did not keep appellant informed of developments in the case so that appellant could make rational and informed decisions." As Blystone fails to elaborate further, we are unable to assess the validity of these claims. "Allegations of the deprivation of the

5. The record reveals that Blystone was released on $150,000.00 bail; he was ineligible for release on his own recognizance (ROR).

right to effective counsel are not self-sustaining. The burden of proof of the allegations remains with the claimant; their accuracy to be established by his submission of relevant proofs." *Hutchinson,* 521 Pa. at 486, 556 A.2d at 372. Therefore, these claims lack merit.

Blystone next argues that his appointed counsel was ineffective for neglecting to file pre-trial motions. This contention is frivolous and patently untrue. The record clearly reveals that Blystone's attorney did in fact file omnibus pre-trial motions on July 10, 1990.

Finally, Blystone contends that his trial attorney "acted ineffectively in all aspects of law." Without more, we are unable to evaluate the merits of this claim. "Mere allegations of ineffectiveness standing alone on direct appeal will not warrant an evidentiary hearing if this Court is not presented with facts sufficient to support the claim." *Commonwealth v. Cottman,* 327 Pa.Super. 453, 460, 476 A.2d 40, 43 (1984). Therefore, we find this claim to be without merit.

In light of the foregoing, we find that Blystone has failed to establish that any of the allegations of ineffectiveness of counsel that he presented in his so-called "Writ of Mandamus" or motion to withdraw counsel are of arguable merit. *Johnson, supra.* Therefore, our inquiry ceases. *Nelson, supra.* As we conclude that Blystone's claims of ineffective assistance of counsel are clearly without merit, we will not remand for appointment of new counsel. *Lawrence, supra.* Blystone's motion to withdraw counsel is hereby denied.

Judgment of sentence affirmed; motion to withdraw counsel denied.