J-S55007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACK PARKER | |
| Appellant | No. 2361 EDA 2015 |

Appeal from the Judgment of Sentence January 5, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000040-2012

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:             **FILED AUGUST 17, 2016**

Jack Parker appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County following his conviction for stalking,[1] criminal trespass,[2] and interception of communications.[3] Parker's counsel also seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we grant counsel's petition to withdraw and affirm Parker's judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2709.1.

[2] 18 Pa.C.S. § 3503.

[3] 18 Pa.C.S. § 5703.

The trial court stated the facts of this case as follows:

On November 13, 2011, the Delaware County Park Police responded to a report that defendant, Jack Parker, was on the premises of the [c]ounty [p]ark system and was stalking his estranged wife, Deborah Thomas Parker, and her alleged boyfriend, both of whom were employed on the premises. After being apprehended, [Parker] admitted that he was checking on his wife to catch her cheating on him and that he had installed a GPS device on her car. The officers arrested [Parker] and charged him with various offenses, including [criminal trespass] and [disorderly conduct]. Other charges were lodged against him. With the assistance of counsel, [Parker] finally agreed to enter an open plea of guilty to [stalking, defiant trespass, disorderly conduct, and interception of wire communication]. At a hearing held on November 13, 2012, [Parker] agreed to plead guilty to these offenses.

Trial Court Opinion, 2/26/16, at 1.

On March 28, 2013, Parker appeared at sentencing with new counsel, who made a verbal motion to withdraw the guilty plea. The trial court denied the motion and proceeded to sentence Parker. Parker filed a motion for reconsideration of sentence, which was denied. Parker appealed and, on April 14, 2014, this Court reversed the trial court's refusal to allow Parker to withdraw his guilty plea. *Commonwealth v. Parker*, 1193 EDA 2013 (Pa. Super. filed 4/14/14) (unpublished memorandum).

Upon remand, on October 20, 2014, a jury found Parker guilty of stalking, criminal trespass, and two counts of interception of communications. On October 31, 2014, Parker filed a motion for post-trial relief, which was denied on November 3, 2014. On January 6, 2015, Parker was sentenced to 16 to 36 months' imprisonment for stalking, 6 to 12

months' imprisonment for defiant trespass, and 18 to 38 months' imprisonment on each of the wiretap convictions, all to be served consecutively. The trial court also imposed a consecutive one-year term of probation on the wiretap convictions.

On January 13, 2015, Parker filed a *pro se* motion for reconsideration of sentence. On January 14, 2015, the trial court granted Parker's counsel's motion to withdraw, and on January 16, 2015, appointed new counsel for Parker.[4]

On June 2, 2015, Parker's counsel filed a request for an extension to file post-sentence motions that was granted, and filed a post-sentence motion on June 6, 2015. The trial court denied this motion on July 16, 2015.

On July 31, 2015, Parker filed a timely *pro se* notice of appeal to this Court,[5] and on October 1, 2015, Parker's counsel filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On

---

[4] Parker also filed several miscellaneous *pro se* motions that do not affect the disposition of this appeal.

[5] Pursuant to well-established Pennsylvania law, a defendant is not entitled to hybrid representation. **See Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011) (citing Pennsylvania's long-standing policy that precludes hybrid representation). Here, Parker did not request leave to proceed *pro se*, nor did he request that counsel withdraw. Accordingly, it was improper for him to file a *pro se* notice of appeal with the trial court. However, under the circumstances, we decline to quash Parker's appeal, as his notice of appeal was timely and counsel has moved to withdraw.

December 16, 2015, following a *Grazier*[6] hearing, Parker agreed to allow counsel to assist in his appeal.  On January 29, 2016, counsel filed an amended Rule 1925(b) statement and the trial court issued its Rule 1925(a) opinion on February 26, 2016.

Parker raises two issues for our review:

1.  Was trial counsel ineffective for failing to request dismissal of a juror and for failing to preserve the issue for appeal?

2.  Was the evidence sufficient to sustain [Parker's] convictions?

Brief for Appellant, at 8.

Counsel has filed a petition to withdraw pursuant to the requirements set forth in *Anders* and *Santiago*.  Our Supreme Court in *Santiago* held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must:  (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After counsel has satisfied the above procedures and furnished the defendant with a copy of counsel's brief, the court performs an independent examination to determine if the proceedings are wholly without merit.  *Anders*, 386 U.S. at 744.  However, the Court must first consider the *Anders* brief and petition to withdraw before reviewing the merits of the

---

[6] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

underlying issues. ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005).

Here, counsel's petition to withdraw satisfies the necessary requirements and procedures. Counsel states that after a conscientious examination of the record and controlling law, she determined the appeal to be wholly frivolous. She further "provided a summary of the procedural history and facts, with citations to the record." ***Santiago***, 978 A.2d at 361. Counsel also filed a brief in which she re-states her conclusion that both claims are frivolous and without merit, and thus do not support an appeal. Lastly, she has notified Parker of the request to withdraw and provided him with a copy of the brief and a letter explaining his right to retain new counsel or proceed *pro se* as to any issues he believes might have merit.[7] Accordingly, we find that counsel has satisfied the requirements of ***Anders*** and ***Santiago***.

Once counsel has satisfied the procedural requirements for withdrawal, this Court performs an independent examination to determine if the appeal is, in fact, wholly frivolous. ***Anders***, 386 U.S. at 744; ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004). Accordingly, we now turn to the issues raised in counsel's ***Anders*** brief.

_____

[7] Parker has not submitted any additional filings to this Court.

- 5 -

Parker's first claim asserts ineffectiveness of trial counsel. As a general rule, ineffective assistance of counsel claims must be raised during collateral review. *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). The instant appeal is a direct appeal of Parker's judgment of sentence, rather than a petition seeking collateral review. Moreover, Parker's ineffectiveness claim does not invoke an exception to this general rule, such as an alleged breach of loyalty or complete denial of counsel. *See id.* at 738 n.14 (listing exceptions to the general rule). Therefore, Parker's claim of ineffective assistance of counsel is not properly before this court, and we cannot consider its merits.

Parker next contends that the Commonwealth did not present sufficient evidence to sustain his convictions. We review the sufficiency of evidence according to the following standard:

> [The] standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Lynch*, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted).

The trier of fact, when passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. ***Commonwealth v. Valette***, 613 A.2d 548, 549 (Pa. 1992). In reviewing a sufficiency claim, we may not weigh the evidence and substitute our judgment for that of the fact-finder. ***Commonwealth v. Blystone***, 617 A.2d 778, 780 (Pa. Super. 1992).

Here, Parker was convicted of stalking, criminal trespass, and interception of communication. To establish stalking, the Commonwealth must show an individual:

> (1) engage[d] in a course of conduct or repeatedly commit[ed] acts toward another person, including following the person without proper authority, under circumstances which demonstrate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person; or
>
> (2) engage[d] in a course of conduct or repeatedly communicate[d] to another person under circumstances which demonstrate[d] or communicate[d] either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person.

18 Pa.C.S. § 2709.1(a).

To establish criminal trespass—defiant trespasser, the Commonwealth must show: "[K]nowing that he is not license[d] or privileged to do so, [a person] enters or remains in any place as to which notice against trespass is given by: (i) actual communication to the actor[.]" 18 Pa.C.S. § 3503(b)(1).

- 7 -

To establish interception of communication, the Commonwealth must show an individual "intentionally intercept[ed], endeavor[ed] to intercept, or procure[d] any other person to intercept or endeavor to intercept any wire, electronic, or oral communication." 18 Pa.C.S. § 5703(1). "Intercept" is defined as "[a]ural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical or other device." 18 Pa.C.S. § 5702.

Instantly, the Commonwealth presented sufficient evidence to establish stalking, criminal trespass, and interception of communication, and therefore Parker's claim is meritless. The evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, shows that Parker believed his estranged wife, the victim, was cheating on him with a co-worker. Parker would call her five to ten minutes upon her arrival at work, would stop by her work, and followed her to the drug store or grocery store, all in the belief that she was cheating on him. Parker's course of conduct culminated in Parker accusing his wife to her face, threatening and calling her insulting names, placing multiple recording and GPS-tracking devices in her car, and sending her undergarments away for DNA testing to find semen. This harassing behavior caused his wife to be "scared to death," she was "always looking over [her] shoulder" and just wanted to be "left alone." N.T. Trial, 10/21/14, at 11, 22. Parker's conduct established stalking.

The evidence further demonstrated that Parker had multiple encounters with police on county property. He first claimed to be looking for

deer, but later told police he was actually watching his wife because he believed her to be cheating. Detective James Harrity of the Delaware County Park Police then communicated to Parker that he was not permitted on county property, and he would be arrested if he was found to be present there again. On a later date, November 13, 2011, Parker was spotted hiding behind a radio tower on county property, near where his wife worked. When officers approached him, he ran off, but was eventually apprehended. This establishes criminal trespass—defiant trespass.

Lastly, the evidence shows that Parker's wife found multiple microcassette recording devices, on and recording, hidden in her car. Furthermore, her mechanic discovered a GPS-tracking device. She confronted Parker about the recording devices and he responded that he needed to check up on her because he believed she was cheating. At trial, the two tapes played had recorded a conversation between Parker's wife and her older brother. She testified that she had not given Parker permission to record her and she had found these tapes in her house. This establishes interception of communication.

In conclusion, counsel has satisfied all procedural requirements for withdrawal. Furthermore, after this Court's review of the record and the transcript of trial, we find Parker's claims to be meritless and affirm his judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/17/2016