J-S54032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                              :
            v.                :
                              :
                              :
                              :
CHARLES E. WILLIAMS           :
                              :
         Appellant            :  No. 793 MDA 2020

Appeal from the Judgment of Sentence Entered January 8, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004155-2018

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED FEBRUARY 25, 2021**

Charles E. Williams ("Williams") appeals from the judgment of sentence imposed following his conviction of first-degree murder, criminal attempt, and possession of firearm prohibited.[1]  However, the jury trial transcript has not been included in the certified record.  Accordingly, we remand with instructions.

On January 8, 2020, a jury convicted Williams of the above-mentioned crimes, as a result of a shooting that killed one man, and paralyzed another. On the same date, the trial court sentenced Williams to an aggregate term of life in prison.

---

[1] 18 Pa.C.S.A. §§ 2502(a), 901(a), 6105(a)(1)

Following the resolution of post-sentence Motions filed by both Williams and the Commonwealth, Williams filed the instant appeal.

We observe that the jury trial transcript is absent from the certified record, and its absence impedes our review. **See Commonwealth v. Preston**, 904 A.2d 1, 6-7 (Pa. Super. 2006) (explaining that matters not of record may not be considered on appeal, and that this Court may not consider any documents which are not included in the certified record). Generally, "the responsibility rests upon the appellant to ensure that the record certified on appeal is complete…." **Id.** at 7. However, we are mindful of the following:

> Under [Pa.R.A.P.] 1926, an appellate court may direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record. However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not the appellate courts. Pa.R.A.P. 1931.
>
> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). … When the appellant … fails to conform to the requirements of 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. [**Commonwealth v. Williams**, 715 A.2d 1101, 1105 (Pa. 1998)]. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.
>
> In the absence of specific indicators that a relevant document exists but was inadvertently omitted from the certified record, it is not incumbent upon this Court to expend time, effort and manpower scouring around judicial chambers or the various prothonotaries' offices of the courts of common pleas for the purpose of unearthing transcripts, … that may well have been presented to the trial court but were never formally introduced

and made part of the certified record. ***Commonwealth v. Blystone***, … 617 A.2d 778, 783 n.4 ([Pa. Super.] 1992). If, however, a copy of a document has been placed into the reproduced record, or **if notes of testimony are cited specifically by the parties** or are listed in the record inventory certified to this Court, then we have reason to believe that such evidence exists. [***See Commonwealth v. O'Black***, 897 A.2d, 1234, 1238 (Pa. 2006)]. In this type of situation, we might well make an informal inquiry to see if there was an error in transmitting the certified record to this Court. ***Id.*** We might also **formally remand the matter to the trial court** to ascertain whether notes of testimony or other documentation can be located and transmitted. ***Id.*** If a remand is necessary, it is appropriate to **direct the trial court to determine why the necessary documentation was omitted from the certified record. *Williams***, 715 A.2d at 1107. An appellant should not be denied appellate review if the failure to transmit the entire record was caused by an "extraordinary breakdown in the judicial process." ***Id.*** at 1106. However, if the appellant caused a delay or other problems in transmitting the certified record, then he or she is not entitled to relief and the judgment of the court below should be affirmed.

***Preston***, 904 A.2d at 6-8 (Pa. Super. 2006) (emphases added) (some citations omitted).

Instantly, on January 9, 2020, Williams filed a Request for Transcripts. However, on January 16, 2020, the trial court dismissed Williams's Request for Transcripts "as requested by requestor." ***See*** Order, 1/16/20, at 1. Subsequently, on January 17, 2020, Williams filed another Request for Transcripts, in which he specifically requested the "entire proceeding (testimony and jury instructions)" of the "jury trial" that took place from January 6-8, 2020. ***See*** Request for Transcript, 1/17/20, at 1. Despite this request, no such transcript appears in the certified record before this Court.

Moreover, we note that, in its Opinion, the trial court cites to the jury trial transcript numerous times. **See** Trial Court Opinion, 7/21/20, at 3-7, 20, 22-25. Additionally, both Williams and the Commonwealth cite to the jury trial transcript in their respective appellate briefs. **See** Brief for Appellant at 11-14, 22-25; **see also** Brief for Appellee at 2-6, 10-12, 17, 22-23. Therefore, we have "reason to believe this evidence exists." **See O'Black**, **supra**. Williams "should not be denied appellate review" because the failure to transmit the transcript appears to have been caused by a judicial breakdown. **See Williams**, 715 A.2d at 1106. Accordingly, we remand to the trial court to determine whether the January 6-8, 2020, jury trial transcript exists, and to determine why it was absent from the record. **See Preston**, **supra**. Further, if such a transcript does exist, we direct the trial court to supplement the certified record within 30 days of the date of this Order.

Case remanded with instructions. Panel jurisdiction retained.