J-A04016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| TERRANCE CULBREATH | : | |
| | : | |
| Appellee | : | No. 3065 EDA 2019 |

Appeal from the Order Entered October 8, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009764-2017

BEFORE: STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:            **FILED: FEBRUARY 26, 2021**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted the motion of Appellee, Terrance Culbreath, to dismiss the charges against him under Pa.R.Crim.P. 600.[1] We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On October 17, 2017, the Commonwealth filed a criminal complaint against Appellee, charging him with one count each of unlawful contact with a minor,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth has certified in its notice of appeal that the order granting Appellee's motion to dismiss substantially handicapped or terminated the prosecution of the Commonwealth's case. Accordingly, this appeal is properly before us for review. ***See*** Pa.R.A.P. 311(d).

simple assault, aggravated indecent assault of a child, indecent assault of a minor less than thirteen years of age, terroristic threats, and corruption of a minor.[2]  The trial court stated:

> After multiple continuances and delays, Appellee's trial was listed to commence on October 7, 2019.  On that date, Appellee's counsel hand-submitted a Rule 600 motion to this [c]ourt, but he apparently neglected to file the motion with the clerk of courts.  Nevertheless, the Commonwealth submitted a written response to Appellee's motion which is dated the same day as the motion was submitted, *i.e.*, October 7, 2019, and which is stamped as being filed with the clerk of courts on October 8, 2019.  …

(Trial Court Opinion, filed June 11, 2020, at 1-2).  The court granted Appellee's Rule 600 motion on October 8, 2019.  The Commonwealth timely filed a notice of appeal on October 24, 2019.  On December 16, 2019, the court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The Commonwealth timely filed its Rule 1925(b) statement on January 3, 2020.

The Commonwealth raises the following issues on appeal:

> Did the [trial] court err by granting a motion to dismiss pursuant to Pa.R.Crim.P. 600 that was not filed in the court and is not in the certified record?
>
> Did the [trial] court err by summarily dismissing all of the charges pursuant to Pa.R.Crim.P. 600 without holding a hearing or permitting the Commonwealth to present evidence?
>
> Did the [trial] court abuse its discretion in dismissing all

---

[2]  18 Pa.C.S.A. §§ 6318, 2701, 3125(b), 3126(a)(7), 2706, and 6301, respectively.

charges without a hearing where the Commonwealth proffered evidence that rebutted erroneous legal conclusions that were based solely on unelaborated docket entries and demonstrated that the Rule 600 period had not expired?

(Commonwealth's Brief at 4).

Our standard and scope of review concerning Rule 600 motions are well settled:

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

*Commonwealth v. Bethea*, 185 A.3d 364, 370 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, 219 A.3d 597 (2019) (internal citation and emphases omitted).

For purposes of disposition, we combine the Commonwealth's issues. The Commonwealth argues the trial court erred by granting Appellee's Rule 600 motion because the motion was not properly filed. Rather, the Commonwealth maintains that Appellee simply handed the motion to the judge without filing it. The Commonwealth emphasizes that Appellee's motion

is not of record. The Commonwealth claims the trial court also erred by granting Appellee's Rule 600 motion without conducting a hearing or permitting the Commonwealth an opportunity to present evidence. The Commonwealth further asserts that Appellee was not entitled to relief under Rule 600. The Commonwealth insists the record shows that when conducting the relevant Rule 600 analysis, it had 197 days remaining in order to try Appellee's case. The Commonwealth concludes the trial court erred in granting the Rule 600 motion, and this Court must reverse and remand for further proceedings. We agree relief is due.

Pennsylvania Rule of Criminal Procedure 600 provides, in relevant part:

**(A)   Commencement of Trial; Time for Trial**

(1)   For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2)   Trial shall commence within the following time periods.

(a)   Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\*    \*    \*

**(C)   Computation of Time**

(1)   For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

(2)    For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration.  Any other periods of delay shall be included in the computation.

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i)    the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii)    the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance.  The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

(b)    The determination of the judge or issuing authority is subject to review as provided in paragraph (D)(3).

**(D)    Remedies**

(1)    When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, **may file a written motion** requesting that the charges be dismissed with prejudice on the ground that this rule has been violated.  **A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing.  The judge shall conduct a hearing on the motion.**

\*    \*    \*

Pa.R.Crim.P.600 (emphasis added).

Additionally, with regard to the filing of the motion, our Supreme Court

has held that "a motion to dismiss pursuant to Pa.R.Crim.P. 600 must be made in writing, and a copy of such motion must be served on the Commonwealth's attorney." *Commonwealth v. Brock*, 619 Pa. 278, 287, 61 A.3d 1015, 1020 (2013). "All documents in criminal matters must be filed with the prothonotary in order to become part of the record." *Commonwealth v. Blystone*, 617 A.2d 778, 781 n.2 (Pa.Super. 1992); *see also* 42 Pa.C.S.A. § 2756(a)(1). Significantly:

> [L]eaving motions in the judge's chambers, or even handing a copy to the judge in the courtroom or elsewhere, does not constitute filing. A document in any criminal matter must be filed in the office of the clerk of courts, 42 Pa.C.S. § 2756(a), who in Philadelphia is known as the Clerk of Quarter Sessions. 42 Pa.C.S.[A.] § 2751(c).

*Commonwealth v. Nixon*, 457 A.2d 972, 975 (Pa.Super. 1983) (quoting *Commonwealth v. Lynch*, 450 A.2d 664, 666 (Pa.Super. 1982)).

Instantly, the record confirms that Appellee did not file his Rule 600 motion with the clerk of courts. The motion does not appear on the certified docket entries or in the certified record. Instead, the record suggests Appellee merely handed the motion to the court on October 7, 2019. Appellee's "hand-submitted" motion does not constitute a proper filing of the motion. *See* Pa.R.Crim.P. 600(D)(1); *Brock, supra*; *Blystone, supra*; *Nixon, supra*. Further, although the Commonwealth responded to Appellee's motion, the court did not hold an evidentiary hearing on the motion, as required by Rule 600. *See* Pa.R.Crim.P. 600(D)(1). In its Rule 1925(a) opinion, the trial court concedes that it erred by granting Appellee's motion, and asks this Court to

remand the matter to allow Appellee an opportunity to file his motion with the clerk of courts and for the court to conduct a proper evidentiary hearing. (**See** Trial Court Opinion at 4). We agree that the trial court erred by granting Appellee's Rule 600 motion under these circumstances. Accordingly, we reverse and remand for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/21