J-S03035-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LARRY EDWARD SHOWALTER, II, | : | |
| | : | |
| Appellant | : | No. 557 WDA 2020 |

Appeal from the PCRA Order Entered April 16, 2020
in the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000132-2013

BEFORE:     DUBOW, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                   **FILED: AUGUST 9, 2021**

Appellant, Larry Edward Showalter, II, appeals from the April 16, 2020 order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   We remand for Appellant to supplement the certified record.

This Court previously summarized the relevant facts and procedural history as follows.

> The multiple charges brought against Appellant stem from allegations made by his biological daughter that he raped her on multiple occasions when she was between the ages of 8 and 11. On June 19, 2014, a jury convicted Appellant of two counts of rape of a child, two counts of involuntary deviate sexual intercourse (IDSI), two counts of aggravated indecent assault, two counts of incest, endangering the welfare [of] children, corruption of minors, and three counts of indecent exposure.[1] Appellant was found not guilty of an additional fourteen charges. After an evidentiary hearing on September 24, 2014, the trial court designated Appellant a sexually violent predator and

_____
* Retired Senior Judge assigned to the Superior Court.

sentenced him to an aggregate term of 60-120 years of imprisonment.

---
[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(a)(7), 4302, 4304(a)(1), 6301(a)(i), and 3127(a), respectively.

Appellant filed a timely appeal to this Court, in which he asserted trial court error in its admission of hearsay statements made by the victim, as well as a challenge to the discretionary aspects of his sentence. Although we concluded that the trial court erred in admitting the statements as an excited utterance, we found the error harmless because the victim had already made the same statements in her own testimony at trial. We then raised *sua sponte* the issue of whether Appellant's sentence, which included the application of mandatory minimums, was illegal in light of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and subsequent Pennsylvania cases applying the **Alleyne** holding, including **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014). Because these cases concluded that the application of the mandatory minimums were unconstitutional, we vacated and remanded for resentencing. **See Commonwealth v. Showalter**, 145 A.3d 770 (Pa. Super. 2016) (unpublished memorandum).

Upon remand, Appellant was resentenced on June 22, 2016, to an aggregate term of 56–120 years. The trial court denied Appellant's timely-filed motion for reconsideration of sentence.

**Commonwealth v. Showalter**, 178 A.3d 146 (Pa. Super. 2017)

(unpublished memorandum at 1–3). On September 8, 2017, this Court

affirmed Appellant's judgment of sentence. **Id.**

On August 1, 2018, Appellant *pro se* filed a timely first PCRA Petition.

Therein, Appellant claimed, *inter alia*, that trial counsel was ineffective for

failing to file a motion for recusal of the trial judge and the District Attorney.

The Honorable Travis W. Livengood, who presided over Appellant's jury trial,

- 2 -

recused himself in regard to the PCRA Petition. The matter was transferred to the Honorable Thomas S. Ling, who appointed counsel to represent Appellant. On April 30, 2019, PCRA counsel filed an Amended Petition, raising the following claims: (1) trial counsel was ineffective for failing to request a change in venue because the District Attorney, William Higgins, had a sexual relationship with Appellant's wife; (2) trial counsel was ineffective for failing to file a motion for recusal of Judge Livengood because he was a friend and former work colleague of the District Attorney; (3) appellate counsel was ineffective for failing to argue properly Appellant's appeal; and (4) trial and appellate counsel were ineffective for failing to inform the courts of Appellant's hearing disability or ensure accommodations for Appellant under the Americans with Disabilities Act. Amended PCRA Petition, 4/30/2019. The PCRA court held an evidentiary hearing on February 3, 2020. On April 16, 2020, the PCRA court denied Appellant's PCRA Petition.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant raises one issue: "Whether the Court of Common Pleas of Bedford County erred in denying [Appellant's] Amended [PCRA] Petition[.]" Appellant's Br. at 4 (unnecessary capitalization omitted).

Preliminarily, we observe that Appellant did not request the transcription of the February 3, 2020 PCRA evidentiary hearing as part of his

notice of appeal. Appellant included the transcript in the reproduced record,[1] but did not ensure its inclusion in the certified record. Generally, "the responsibility rests upon the appellant to ensure that the record certified on appeal is complete[.]" ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006). However, we are mindful of the following:

> Under [Pa.R.A.P.] 1926, an appellate court may direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record. However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not the appellate courts. Pa.R.A.P. 1931.
>
> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). ... When the appellant ... fails to conform to the requirements of 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. [***Commonwealth v. Williams***, 715 A.2d 1101, 1105 (Pa. 1998)]. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.
>
> In the absence of specific indicators that a relevant document exists but was inadvertently omitted from the certified record, it is not incumbent upon this Court to expend time, effort and manpower scouring around judicial chambers or the various prothonotaries' offices of the courts of common pleas for the purpose of unearthing transcripts, ... that may well have been presented to the trial court but were never formally introduced and made part of the certified record. ***Commonwealth v. Blystone***, ... 617 A.2d 778, 783 n.4 ([Pa. Super.] 1992). If, however, a copy of a document has been placed into

---

[1] We note that the Notes of Testimony in the reproduced record is not certified by the court reporter.

the reproduced record, or if notes of testimony are cited specifically by the parties or are listed in the record inventory certified to this Court, then we have reason to believe that such evidence exists. [*See Commonwealth v. O'Black*, 897 A.2d, 1234, 1238 (Pa. 2006)]. In this type of situation, we might well make an informal inquiry to see if there was an error in transmitting the certified record to this Court. *Id.* We might also formally remand the matter to the trial court to ascertain whether notes of testimony or other documentation can be located and transmitted. *Id.* If a remand is necessary, it is appropriate to direct the trial court to determine why the necessary documentation was omitted from the certified record. *Williams*, 715 A.2d at 1107. An appellant should not be denied appellate review if the failure to transmit the entire record was caused by an "extraordinary breakdown in the judicial process." *Id.* at 1106. However, if the appellant caused a delay or other problems in transmitting the certified record, then he or she is not entitled to relief and the judgment of the court below should be affirmed.

*Preston*, 904 A.2d at 6–8 (Pa. Super. 2006) (some citations omitted).

Here, the PCRA court does not cite to the Notes of Testimony, but does rely on testimony from the PCRA hearing in its memorandum order dismissing Appellant's PCRA Petition. Appellant cites the Notes of Testimony using the reproduced record pages within his Brief. The Commonwealth did not file a brief and therefore does not rely on the Notes of Testimony. Because the PCRA court considered the testimony given at the hearing and Appellant cites to the Notes of Testimony, these circumstances lead us to conclude that the Notes of Testimony from the PCRA hearing were excluded inadvertently or by error from the certified record. Consequently, we remand this case for Appellant to supplement the record in the PCRA court with the missing Notes of Testimony from the February 3, 2020 PCRA

hearing within 14 days from the filing date of this memorandum. *See* Pa.R.A.P. 1926(b)(1) ("If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident or is misstated therein, the omission or misstatement may be corrected by ... the appellate court upon application or on its own initiative at any time...."). We direct the PCRA court to then forward the supplemental record to this Court within 14 days from the date Appellant files his supplementation. Upon our timely receipt of the supplemental record, we will proceed to the merits of the appeal.

Case remanded for Appellant to supplement the record in the PCRA court with a properly certified, original PCRA hearing transcript within 14 days from the filing date of this memorandum. The PCRA court shall then forward the supplemental record to this Court within 14 days from the date Appellant files his supplementation. Panel jurisdiction retained.

Judge Murray joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.